NVB 4001 (Rev. 09/20)

### * * § 362 INFORMATION SHEET * *

DEBTOR: Lillian Jo Sondgeroth Donohue
BK-: 22-11027-ABL
MOTION #:

MOVANT: The Wardlow Survivor's Trust Dat
CHAPTER: 13

**Certification of Attempt to Resolve the Matter Without Court Action:**
Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.
Date: 04/15/2022        Signature: /s/ Ogonna M. Brown
                                  *Attorney for Movant*

**Note for parties not represented by an attorney:** Information about motions for relief from the automatic stay is available at the U.S. Bankruptcy Court's website:
https://www.nvb.uscourts.gov/filing/filing-pro-se/legal-services/.

PROPERTY INVOLVED IN THIS MOTION: 2240 E. Calvada Blvd., Pahrump, NV 89048
NOTICE SERVED ON: Debtor(s) ✓ ; Debtor's counsel ✓ ; Trustee ✓ ;
DATE OF SERVICE: 4/18/2022

**MOVING PARTY'S CONTENTIONS:**
The EXTENT and PRIORITY of LIENS:
1st Motion to Terminate Stay 362(d)(1)
2nd Waiver of 14-Day Stay FRBP 4001(a)(3)
3rd
4th
Other:
Total Encumbrances:

APPRAISAL of OPINION as to VALUE:

**DEBTOR'S CONTENTIONS:**
The EXTENT and PRIORITY of LIENS:
1st
2nd
3rd
4th
Other:
Total Encumbrances:

APPRAISAL of OPINION as to VALUE:

**TERMS of MOVANT'S CONTRACT with the DEBTOR(S):**
Amount of Note: $320,000.00
Interest Rate: 12%
Duration: January 9, 2009
Payment per Month: $3,210.00
Date of Default: August 9, 2021
Amount in Arrears: $46,243.43
Date of Notice of Default: Dec. 9, 2021
SPECIAL CIRCUMSTANCES:
  Forced placed insurance, late tax payments

SUBMITTED BY: The Wardlow Survivor's T
              c/o Lewis Roca LLP

**DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT:**
.
.
.
.
.
.
.
.
SPECIAL CIRCUMSTANCES:

SUBMITTED BY:
SIGNATURE:

Ogonna M. Brown, Esq.
Nevada Bar No. 7589
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Pkwy., Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 474-2622
Facsimile: (702) 949-8298
Email: OBrown@lewisroca.com

*Attorneys for Secured Creditor The Wardlow*
*Survivor's Trust Dated December 27, 2012*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

In re:

LILLIAN JO SONDGEROTH DONOHUE,

　　　　Debtor.

Case No.: 22-BK-11027-ABL

Chapter 13

**MOTION TO TERMINATE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362)(d)(1) AND WAIVER OF THE 14-DAY STAY UNDER FRBP 4001(a)(3) ON ORDER SHORTENING TIME [RE: REAL PROPERTY 2240 EAST CALVADA BLVD., PAHRUMP, NEVADA 89048, APN 38-891-07]**

　　　　Geraldine M. Wardlow, Trustee of The Wardlow Survivor's Trust Dated December 27, 2012 ("Secured Creditor"), secured creditor in the above referenced bankruptcy proceeding, by and through its undersigned counsel, hereby files its Memorandum in Support of its Motion to Terminate Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1) and Waiver of the 14-Day Stay Under FRBP 4001(a)(3) on Order Shortening Time (the "Motion") in connection with the Chapter 13 Bankruptcy Case of Lilian Jo Sonderoth Donohue (the "Debtor," or alternatively, "Borrower") and as to the real property known as 2240 East Calvada Blvd., Pahrump, Nevada 89048, Assessor's Parcel No. 38-891-07 (the "Property") against which Secured Creditor holds a first position deed of Trust ("Deed of Trust").

　　　　This Motion is based upon the following grounds and the following reasons: (1) Debtor has failed to remit a single payment to the Lender for the last eight (8) months, causing the Loan to be accelerated pre-petition caused by Debtor's delinquency; (2) Debtor has failed to make a single

117348564.3

payment to Secured Creditor post-petition; (3) Lender's collateral is not adequately protected as evidenced by Debtor's failure to maintain insurance on the Property, requiring Lender to obtain force-placed insurance on the Property to protect Lender's collateral; (4) Debtor was delinquent and failed to timely pay in the real property taxes for the Property; (5) Debtor filed her bankruptcy petition in bad faith to strategically delay the Lender's foreclosure sale on the Property scheduled three weeks later, preventing Lender from proceeding with its foreclosure efforts. In the event the automatic stay is terminated, Lender will be required to incur additional costs to restart the statutory three-week advertising requirements anew before it may proceed with the foreclosure sale; and (6) the subject Property is not a residence, but a commercial Property, warranting a waiver of the 14-day stay requirement under Rule 4001(a), given the Debtor's eight months of non-payment, failure to pay for insurance and late real property tax payments. The 14-day stay should be waived to avoid further delay to be suffered by the Lender, who will not be able to proceed with its foreclosure sale until June or July because the Lender must start the 3-month advertising all over again before proceeding with foreclosure.

This Motion is supported by the Declaration of Geraldine M. Wardlow ("<u>Wardlow Decl.</u>"), which Declaration is filed separately and concurrently herewith pursuant to Rule 9014(c) of the Local Rule of Bankruptcy Practice of the United States District Court for the District of Nevada. This Motion is also supported by the following Memorandum of Points and Authorities, the pleadings and papers on file herein, and any argument this Court may entertain regarding the Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(b)(2), 11 U.S.C. § 1112, 11 U.S.C. § 362, and LR 1001(b)(1). Venue in the District of Nevada is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to LR 9014.2(a), Lender consents to the entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

## II. STATEMENT OF RELEVANT FACTS

**LOAN TO DONOHUE FOR $320,000**

1. On December 28, 2006, Lender loaned to Borrower the original principal amount of Three Hundred and Twenty Thousand and 00/100 Dollar ($320,000.00) (the "Loan").

2. The Loan is evidenced by a Note Secured by Deed of Trust ("Note") dated December 28, 2006, executed by Debtor, in the original principal amount of Three Hundred and Twenty Thousand and 00/100 Dollars ($320,000.00) (the "Note"). A true and correct copy of the Note is attached to the Wardlow Decl. as **Exhibit "1"**.

3. Borrower agreed to make monthly payments in the amount of $3,200.00 under the Note commencing February 9, 2007, as an interest only Note. *See* Wardlow Decl.

4. Under the Note, interest accrued at a rate of 12% per annum. *See* Wardlow Decl.

5. Borrower agreed to pay a late charge of 10% or a minimum of $320.00 for each payment received more than five (5) days after it was due. *See* Wardlow Decl.

6. Pursuant to the Note, the Loan matures on July 9, 2022 ("Maturity Date"). *See* Wardlow Decl.

7. The Note is secured by a Deed of Trust with Assignment of Rents dated December 28, 2006 ("Deed of Trust"), in favor of Lender, which Deed of Trust was recorded with the Nye County Recorder's Office on January 9, 2007, as Document No. 676582, against the real property located at 2240 East Calvada Blvd., Pahrump, Nevada 89048, Assessor's Parcel No. 38-891-07 ("Property"). A true and correct copy of the Deed of Trust is attached to the Wardlow Decl. as **Exhibit "2"**.

8. The Property is a commercial property and not a residential property. *See* Wardlow Decl.

**DEFAULT AND FORECLOSURE**

9. Borrower failed to make the required monthly interest only payment due on August 9, 2021. *See* Wardlow Decl.

10. After Borrower's failure to remit payment for five months, on December 29, 2021, Lender caused to be filed and recorded a Notice of Breach and Election to Sell Under Deed of Trust

- 3 -

117348564.3

("Notice of Default"), recorded with the Nye County Recorder's Office as Document No. 973160, against the Property. A true and correct copy of the Notice of Default is attached to the Wardlow Decl. as **Exhibit "3".**

11. The anticipated sale date for the foreclosure of the Property was scheduled for April 21, 2022, but the foreclosure sale cannot occur, because the sale date requires a 3-week consecutive publication, and the bankruptcy filing interrupted the second and third week of publication required under Nevada law. *See* Wardlow Decl.

12. The first Notice of Trustee's Sale was published in the Las Vegas Review Journal on March 30, 2022. *See* Wardlow Decl.

13. Lender was forced to cancel the last two publications for the Notice of Trustee's Sale scheduled for April 6, 2022 and April 13, 2022 due to Borrower's bankruptcy filing. *See* Wardlow Decl.

14. In order for a notice of sale to be valid, the Lender was required to advertise the notice of the foreclosure sale for three (3) consecutive weeks, record the notice and post the notice.

15. The Lender submitted the advertising for a 3-week publication and in the middle of the advertising, the Lender was notified of the Debtor's bankruptcy filing. *See* Wardlow Decl.

16. The title company attempted to pull the advertising, but because of the newspaper deadline requirements in Nye County attendant with publication, the title company was not able to pull the first publication, but was able pull back the last two publication advertisements for the notice of the foreclosure. *See* Wardlow Decl.

17. As a result, the title company did not record the notice or post the notice. *See* Wardlow Decl.

18. In the event this Court grants the Lender's request to terminate the automatic stay, the title company will be required to start the three-week publication process anew to complete the legal advertising process, and will need to advertise a new notice for three consecutive weeks, record and post the notice with new advertising, along with a new sale date, which will place the sale date in June in the event the automatic stay is terminated by the end of April 2022. *See* Wardlow Decl.

19.     The foreclosure sale that was scheduled for April 21, 2021 at 11:00 am, therefore cannot proceed even if the automatic stay were terminated today, as publication requirements must still be met for three consecutive weeks of advertising. *See* Wardlow Decl.

**DELINQUENT REAL PROPERTY TAXES**

20.     Borrower failed to timely pay the 2021-2022 property taxes for the Property in the amount of $2,859.31. A true and correct copy of the Nye County Treasurer Property Inquiry as of December 24, 2021, is attached to the Wardlow Decl. as **Exhibit "4"**.

21.     The Debtor paid the delinquent real property taxes in the amount of $2,859.31 late. A true and correct copy of the Nye County Treasurer Property Inquiry as of March 7, 2022, attached to the Wardlow Decl. as **Exhibit "5"**.

**DELINQUENT INSURANCE JEOPARDIZES COLLATERAL**

22.     Borrower also failed to maintain insurance on the Property. *See* Wardlow Decl.

23.     As a result, Lender was required to pay for force-placed insurance for the Property in the amount of $3,048.43 ("Insurance Payment") with a policy period effective December 30, 2021 to December 30, 2022 to further protect its collateral and preserve its value. A true and correct copy of the receipt evidencing the Insurance Payment is attached to the Wardlow Decl. as **Exhibit "6".**

**DEBTOR UNABLE TO SELL THE PROPERTY**

24.     On January 10, 2022, Debtor listed the Property for sale at a list price of $599,000.00. *See* Wardlow Decl.

25.     The Property was listed for approximately ten (10) weeks. *See* Wardlow Decl.

26.     On March 21, 2022, three (3) days prior to Debtor's bankruptcy filing, Debtor removed the listing of the Property for sale. A true and correct copy of a Realtor.com inquiry for the Property is attached to the Wardlow Decl. as **Exhibit "7"**.

**BANKRUPTCY**

27.     On March 24, 2022 ("Petition Date"), Borrower filed a Chapter 13 Voluntary Petition seeking bankruptcy relief before the United States Bankruptcy Court, District of Nevada, pending as Case No. BK-22-BK-11027-ABL, preventing Lender from moving forward with the

- 5 -

117348564.3

1  foreclosure sale. *See* Wardlow Decl.

2  28. Thus, any foreclosure sale of the Property has been stayed by the bankruptcy filing of the Borrower. *See* Wardlow Decl.

29. To the extent the stay is lifted as it relates to the Property, Secured Creditor will be forced to incur additional costs and delay to restart the advertising of the Notice of Trustee's Sale pursuant to the applicable Nevada foreclosure statute. *See* Wardlow Decl.

**DAMAGES DUE AND OWING FROM BORROWER**

30. Debtor has not made a single payment to the Lender since July 30, 2021, when the last payment in the amount of $3,210 was remitted to Lender. *See* Wardlow Decl.

31. As of March 24, 2022, the amount due and owing from Lender to Borrower is $369,970.24, excluding attorneys' fees and costs:

| | |
|---|---:|
| Principal Amount | $320,000.00 |
| Interest at 12% (July 9, 2021 through March 24, 2022; $106.67 per diem) | $27,520.00 |
| Late Charges | $7,950.00 |
| Advances/Legal Fees | $7,500.00 |
| Security 1st Notice of Intent/Submission Fee | $225.00 |
| Force-Placed Insurance | $3,048.43 |
| Subtotal as of March 24, 2022 | $366,243.43 |
| Trustee Fees & Costs | $3,726.81 |
| **Total Claim** | **$369,970.24** |

A true and correct copy of the payment history is attached is attached to the Wardlow Decl. as **Exhibit "8".**

**POST-PETITION DELINQUENCIES**

32. The Loan was accelerated pre-petition for Debtor's failure to make the August 9, 2021 payment under the Loan, and Debtor has demonstrated no ability to service the debt and maintain the Property post-petition. *See* Wardlow Decl.

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
LEWIS ROCA

33. As of the date of this Motion, Debtor has not made any post-petition payments in connection with the outstanding indebtedness due on the Loan accelerated in full pre-petition due to Borrower's default. *See* Wardlow Decl.

34. The foreclosure sale was scheduled for April 21, 2022, and the arrears and charges through the Petition Date, excluding attorneys' fees and costs, total $46,243.43. *See* Wardlow Decl.

### III. LEGAL ARGUMENT

**A.    Standard for Motion to Terminate Stay under 11 U.S.C. § 362**

A bankruptcy petition, whether involuntary or not, operates as a stay against the continuation of a proceeding against the debtor, or of any action to obtain possession of property of the estate. *See* 11 U.S.C. § 362(a). However, relief from the automatic stay, including terminating or annulling the stay, may be granted for "cause" *See* 11 U.S.C. § 362(d).

Pursuant to 11 U.S.C. § 362(d)(1):

> **(d)** On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> **(1)** for cause, including the lack of adequate protection of an interest in property of such party in interest

11 U.S.C. § 362(d)(1).

**1.    Cause Exists to Terminate The Stay**

Cause exists to grant Secured Creditor relief under Section 362(d)(1) because Secured Creditor's interest in the Property lacks adequate protection since the Debtor has failed to make a single payment to the Lender for the last eight (8) months. The Loan was accelerated pre-petition arising from Debtor's delinquencies. The Debtor has not made a single payment to Lender post-petition. Cause also exists to terminate the automatic stay in this case because Lender's collateral is not adequately protected as Debtor has failed to provide any proof of insurance on the Property naming Secured Creditor as a loss payee, and the Secured Creditor was required to pay for force-placed insurance to ensure the protection of its collateral. Further, the Debtor was also delinquent on the real property taxes, and if the Debtor is delinquent again, will jeopardize Lender's collateral

because if the Nye County Treasurer's Office sells the Property to satisfy the real property tax delinquency, the Lender's Deed of Trust will be wiped out.

Cause also exists, because it appears that the Debtor filed her petition in bad faith, as this is a two-party dispute and it appears the only reason the Debtor filed for bankruptcy relief was to avoid foreclosure on the Property even though no payments have been made to the Lender for nearly one year. "The debtor's lack of good faith in filing a bankruptcy petition has often been used as cause for removing the automatic stay." *In re Arnold,* 806 F.2d 937, 939 (9th Cir. 1986). For these reasons, this Court should lift the automatic stay under 11 U.S.C. § 362(d)(1).

Debtor filed for bankruptcy just weeks before Secured Creditor's scheduled foreclosure sale on the Property, which is a clear indication of Debtor's intent to thwart foreclosure efforts. Debtor has not made a single payment on the Note since July 30, 2021, including any post-position payments to pay off the Loan. As the record currently stands, Debtor has demonstrated no ability to service the debt and maintain the Property post-petition. Debtor has even removed the listing of the Property a mere 10-weeks after the original listing, which further evidences her inability to satisfy the debt owing to Secured Creditor. Additionally, despite having ample opportunity over the past eight (8) months to remedy the default, Debtor conveniently filed for bankruptcy a mere twenty-eight (28) days before the scheduled foreclosure sale. The timing of the bankruptcy case unequivocally demonstrates the motives behind Debtor's bankruptcy filing.

Secured Creditor cannot proceed with the efforts necessary to complete the foreclosure sale until stay relief is granted. If this Court grants the Lender's request to terminate the automatic stay, Secured Creditor will need to start the three-week publication process anew, which requires that it advertise a new notice for three consecutive weeks, record and post the notice with new advertising.

Under the best case scenario, even if the automatic stay is terminated as a result of this Motion at the end of April or early May, after the parties are given an opportunity to be heard, the new foreclosure sale likely cannot be scheduled until June or July 2022 because Lender has to restart the 3-week advertising period before the foreclosure sale may proceed pursuant to Nevada statutory notice requirements. Given Debtor's bad faith efforts in this matter by filing for bankruptcy in connection with a two-party dispute to avoid foreclosure, Secured Creditor seeks a

termination of the automatic stay under 362(d) to prevent any further efforts by Debtor to delay the foreclosure sale. Cause exists for this Court to order termination of the automatic stay in order to ensure that Secured Creditor's foreclosure sale may proceed without further interference from the Debtor.

**B. <u>Waiver of 14-Day Stay Pursuant to FRBP 4001(a)(3)</u>**

Should the Court confirm that the automatic stay is no longer in effect, Secured Creditor further requests that the Court waive the 14-day stay of order pursuant to FRBP 4001(a)(3) to allow Secured Creditor to pursue its contractual and state law rights and remedies with respect to the Property without further order of the Court. The subject Property is a commercial property, not a residential property. Further, upon termination of the automatic stay, the Lender must still commence 3-week of advertising anew, and proceed with foreclosure in the fourth week. At best, if the 14-day stay is waived, Lender may be able to proceed with the foreclosure sale in June or July 2022.

Any delay to the effectiveness of the stay order could be detrimental to the Lender, as Debtor has failed to remit any payment on the Note for the past eight (8) months, and has placed the Lender's security position under the Deed of Trust at risk. Lender is not being adequately protected by the Debtor for failure to pay insurance and for delinquencies in payment of the real property taxes.

Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure governs the stay of orders, and provides as follows:

> An order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(l) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise.

In the instant case, Secured Creditor is requesting an order from the Court waiving the 14-day stay requirement set forth in Rule 4001(a), to allow Secured Creditor to proceed with the foreclosure sale, which has been postponed due to Debtor's bankruptcy filing. Under the circumstances presented above, there is no reason to enforce the 14-day stay provision under Rule 4001 given that Borrower has failed to remit payment for the last eight (8) months and has, to date, made no efforts to remedy the default on the Note; the Borrower failed to maintain insurance on

- 9 -

117348564.3

the Property requiring Lender to pay for force-placed insurance to protect its collateral; the Lender has endeavored to foreclose on the Property and the Debtor has more than ample notice as of the date of this filing to vacate the Property; and the Property is commercial, not residential. To the extent the 14-day stay is not waived, Lender will be made to suffer unnecessary delay as it will have to wait an additional 14-days after the entry of the order terminating the automatic stay before it may commence the 3-week advertising of the notice of the foreclosure sale.

### IV. CONCLUSION

As set forth above, Secured Creditor respectfully requests that this Court enter an order terminating the automatic stay as to the Property only, to allow the Secured Creditor to pursue its rights and remedies, including, but not limited to, proceeding with the foreclosure sale against the Property and a waiver of the 14-day stay under 4001(a)(3).

DATED this 19th day of April, 2022.

**LEWIS ROCA ROTHGERBER CHRISTIE LLP**

By: _____
Ogonna M. Brown, Esq.
Nevada Bar No. 7589
3993 Howard Hughes Pkwy., Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 474-2622
Facsimile: (702) 949-8298
Email: OBrown@lewisroca.com

*Attorneys for Secured Creditor The Wardlow Survivor's Trust Dated December 27, 2012*

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Lewis Roca Rothgerber Christie LLP, and that on the 19th day of April, 2022, I caused to be served a true and correct copy of **MOTION TO TERMINATE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362)(d)(1) AND WAIVER OF THE 14-DAY STAY UNDER FRBP 4001(a)(3) ON ORDER SHORTENING TIME [RE: REAL PROPERTY 2240 EAST CALVADA BLVD., PAHRUMP, NEVADA 89048, APN 38-891-07]** in the following manner:

☒ (ELECTRONIC SERVICE) Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐ (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date above written.

☐ (OVERNIGHT COURIER) By depositing a true and correct copy of the above referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐ (FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

/s/ _____
An employee of Lewis Roca Rothgerber Christie LLP

117348564.3