Christopher P. Burke, Esq.
Nevada State Bar No.: 004093
218 S. Maryland Parkway
Las Vegas, Nevada 89101
(702) 385-7987
email atty@cburke.lvcoxmail.com
Attorney for Plaintiff
Lillian Jo Sondgeroth Donohue

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA
### oOo

| | |
|---|---|
| IN RE<br><br>LILLIAN JO SONDGEROTH DONOHUE,<br><br>Debtor(s).<br><hr>LILLIAN JO SONDGEROTH DONOHUE<br><br>Plaintiff,<br><br>VS.<br><br>GERALDINE M. WARDLOW, in her capacity as Trustee of The Wardlow Survivor's Trust Dated December 27, 2012,<br><br>Defendants. | BK-S- 22-BK-11027-abl<br><br>CHAPTER 13<br><br>Adv. No.<br><br>ADVERSARY COMPLAINT<br><br>**Quiet Title and Declaratory Relief** |

Lillian Jo Sondgeroth Donohue, ("Plaintiff" or "Donohue") by and through her attorney, Christopher Patrick Burke, Esq., files the following Adversary Complaint against Geraldine M. Wardlow, in her capacity as Trustee of The Wardlow Survivor's Trust Dated December 27, 2012.

## CONSENT TO FINAL ORDER

1. Pursuant to LR 7008, the Plaintiff consents to this matter being heard, and to the entry of final orders and judgment, by the above captioned Bankruptcy Court.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157(a)-(b) and 1334, and various other applicable provisions of Title 11 of the United States Code ("Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules" or "FRBP"), and the laws of the United States of America.

3. This is a core proceeding, including (without limitation) under 28 U.S.C. §§157(b)(2)(A), (B), (K), and (O).

4. Venue is proper in this Court under 28 U.S.C. §§1408 and 1409.

5. This adversary proceeding is brought under 28 U.S.C. §§2201 and 2202 (the "Declaratory Judgment Act"); and FRBP 7001(2).

## PARTIES

6. The Debtor is the Plaintiff in this action, and is a natural person residing in Nye County, Nevada.

7. Defendant is a natural person acting in her capacity for the Wardlow Survivor's Trust Dated December 27, 2012.

## GENERAL ALLEGATIONS

8. The Plaintiff incorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

### Recorded Documents

9. On December 28, 2006 Manuel Leelin executed a grant bargain and sale deed in favor of Lillian Donohue of the real property located at 2240 East Calvada Blvd., Pahrump, Nevada 89048, Assessor's Parcel No. 38-891-07 (Herein "Calvada Property"). This deed was recorded in the Nye County Recorder's office on January 9, 2007 as

Document No. 676580.

10. On December, 28, 2006 John M. Donohue, spouse of Lillian Donohue, executed a grant bargain and sale deed in favor of Lillian Donohue of the Calvada Property. This deed was recorded in the Nye County Recorder's office on January 9, 2007 as Document No. 676581.

11. On December 28, 2006 Lillian Donohue executed a promissory note in favor of Richard L. Wardlow, Trustee of the Wardlow Trust dated March 1, 2002 ("Wardlow Trust) in the face amount of $320,000 ("Wardlow Note").

12. The Wardlow note called for interest only payments of $3,200 beginning on February 9, 2007 and continuing until January 9, 2009, at which time all amounts became due and payable.

13. On December 29, 2006 Lillian Donohue executed a deed of trust on the Calvada Property ("Calvada Deed of Trust") in favor the Wardlow Trust. The Calvada Deed of Trust secured a promissory note in the amount of $320,000 executed by Lillian Donohue. The Calvada Deed of Trust was recorded in the Nye County Recorder's office on January 9, 2007 as Document No. 676582.

14. On January 16, 2009 the Wardlow Trust executed an assignment of the Calvada Deed of Trust to A D Lending Corporation. This assignment was recorded in the Nye County Recorder's office on February 13, 2009 as Document No. 722598.

15. On August 13, 2019 A D Lending Corporation executed an assignment of the Calvada Deed of Trust to Geraldine M. Wardlow, Trustee of the Wardlow Survivor's Trust dated December 27, 2012 ("Wardlow Survivor's Trust").

16. The August 13, 2019 assignment was recorded in the Nye County Recorder's Office on August 20, 2019 as Document No. 916599.

3

**Unrecorded Documents**

17. On January 7, 2009 Lillian Donohue and the Wardlow Trust executed a modification agreement of the Wardlow Note extending the maturity date from January 9, 2009 to January 9, 2010. This modification agreement was never recorded in the Nye County Recorder's Office.

18. On November 24, 2009, Lillian Donohue and A D Lending Corporation Trust executed a modification agreement of the Wardlow Note extending the maturity date to January 9, 2011. This modification agreement was never recorded in the Nye County Recorder's Office.

19. On November 23, 2010, Lillian Donohue and A D Lending Corporation Trust executed a modification agreement of the Wardlow Note extending the maturity date to January 9, 2012. This modification agreement was never recorded in the Nye County Recorder's Office.

20. On January 10, 2012 Lillian Donohue and A D Lending Corporation Trust executed a modification agreement of the Wardlow Note extending the maturity date to January 9, 2016. This modification agreement was never recorded in the Nye County Recorder's Office.

21. On December 27, 2021 the Wardlow Survivor's Trust executed a Notice of Breach and Election to Sell Under Deed of Trust ("NOD") with respect to the Calvada Deed of Trust. This NOD was recorded in the Nye County Recorder's Office on December 29, 2021 as Document No. 973160.

**FIRST CLAIM FOR RELIEF**

**Quiet Title (NRS §40.010)**

22. Plaintiff realleges and incorporates herein by this reference the allegations contained in the preceding paragraphs as though fully set forth herein.

23. As stated previously above, the Wardlow Note became due on January 9,

4

1  2009; and no extension of the maturity date was ever recorded in the Nye County
2  Recorder's Office.

3      24.    Based on NRS §106.240, Wardlow Note and Calvada Deed of Trust became
4  conclusively satisfied, discharged and the liens released ten (10) years after the initial
5  maturity date of January 9, 2009, therefore on January 10, 2019.

6      25.    NRS §106.240 is a statute of repose, not a statute of limitations, and is not
7  subject to equitable tolling. There is no other statute under Nevada law to revive an
8  obligation that has been terminated and discharged pursuant to NRS §106.240.

9      26.    Notwithstanding the plain and unambiguous reading of NRS §106.240 and
10  the January 9, 2009 Maturity Date under the Wardlow Note, the Wardlow Survivor's
11  Trust has refused and failed to voluntarily reconvey and release the Calvada Deed of
12  Trust to clear title on Donohue's property.

13      27.    As evidenced by the Calvada Deed of Trust that remains on record against
14  the Calvada Property and has not been reconveyed by the Wardlow Survivor's Trust and
15  the Trust's beneficiaries, said parties are claiming an adverse interest in the Calvada
16  Property.

17      28.    NRS §40.010 provides that: "An action may be brought by any person
18  against another who claims an estate or interest in real property, adverse to the person
19  bringing the action, for the purpose of determining such adverse claim."

20      29.    A chapter thirteen debtor has the standing to assert the Trustee's strong
21  arm powers under 11 U.S.C. §544.

22      30.    Based on NRS §40.010 and 11 U.S.C. §544 Donohue is entitled to a
23  judgment quieting title in the Calvada Property by expunging and extinguishing any
24  obligations or liens under the Wardlow Note and Calvada Deed of Trust because those
25  are conclusively deemed satisfied, and the lien(s) discharged, pursuant to Nevada's
26  Ancient Mortgage Statute codified as NRS §106.240.

## SECOND CLAIM FOR RELIEF

### Wrongful Disparagement/Slander of Title

31. Plaintiff realleges and incorporates herein by this reference the allegations contained in the preceding paragraphs as though fully set forth herein.

32. The Wardlow Survivor's Trust is under a duty not to publish disparaging matter that disparages another's title to real property.

33. Based on NRS §106.240, the Wardlow Note and Calvada Deed of Trust became conclusively satisfied, discharged and the liens released ten (10) years after January 9, 2009, i.e. January 10, 2019.

34. NRS §106.240 is a statute of repose, not a statute of limitations, and is not subject to equitable tolling. There is no other statute under Nevada law to revive an obligation that has been terminated and discharged pursuant to NRS §106.240.

35. The Wardlow Survivor's Trust knew or should have known that by its failure to record any of the Wardlow Note extension agreements in Nye County, the Ancient Mortgage Statute could not extend the 10 year period that began to run on January 9, 2009.

36. Prior to the filing of this complaint, the Wardlow Survivor's Trust filed a motion for stay relief (ECF 21). On May 4, 2022 this Court heard argument on Wardlow Survivor Trust's motion for stay relief.

37. On May 12, 2022 at 1:30 p.m. the Court denied the Wardlow Survivor Trust's motion for stay relief without prejudice and entered its findings on the record. Included in those findings were questions regarding both the standing of the Wardlow Survivor's Trust to file the motion, and more importantly, the method of how the extensions of the Wardlow Note's maturity dates were made.

38. Based upon the fact that none of the extensions of the Wardlow Note's maturity dates were recorded in the Nye County Recorder's office, the Wardlow

6

Survivor's Trust knew or should have known the Wardlow Note was conclusively presumed to be satisfied on January 10, 2019.

39. A deed of trust which should have been cancelled is a false document.

40. Instead of realizing the Calvada Deed of Trust and Wardlow note have been conclusively terminated and discharged, the Wardlow Survivor's Trust filed a second motion for stay relief with respect to the Calvada property on May 17, 2022 (ECF 33).

41. In the May 17, 2022 motion for relief from the automatic stay ("Wardlow Second Lift"), sets forth the following facts:

    A. The Wardlow Deed of Trust was recorded with the Nye County Recorder's Office (Dkt. #33, Para.7, Page 3).

    B. The January 16, 2009 assignment to A D Lending Corporation was recorded with the Nye County Recorder's Office (Dkt. #33 Para. 8, page 4).

    C. The January 13, 2019 assignment to the Wardlow Survivor's Trust was recorded with the Nye County Recorder's Office (Dkt. #33 Para. 9, page 4).

42. The Wardlow Second Lift, which will be heard on June 9, 2022, describes the January 7, 2009 modification agreement, the November 7, 2009 modification agreement, the November 23, 2010 modification agreement and the January 12, 2012 modification agreement. None of these modification agreements are alleged to have been recorded in the Nye County Recorder's Office (Dkt. #33 Para. 10 – 14, page 4).

43. NRS §106.240 describes the 10 year period as follows: "The lien heretofore or hereafter created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according

7

to the terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged." (Emphasis Supplied)

44. The Wardlow Survivor's Trust's actions in failing to voluntarily reconvey the Deed of Trust in contravention of NRS §106.240 constitutes false statements that disparage and slander Donohue's interest in the Calvada Property.

45. The Wardlow Survivor's Trust's failure to reconvey the Calvada Deed of Trust creates the perception that the Wardlow Note remain due and owing and/or that the Calvada Property is encumbered by a lien even though the obligation and lien are no longer valid or enforceable based on NRS §106.240.

46. The Calvada Deed of Trust recorded against the Calvada Property inhibits Donohue from selling or otherwise monetizing the value of her Property.

47. The recovery of damages for recording of a slanderous document without seeking expungement of that document from the public records would not give Donohue complete relief. The title to the Calvada Property would be clouded as long as the Calvada Deed of Trust is a public record and its nullity not declared.

48. Donohue is entitled to declaratory relief from this Court that the document or documents that cloud title to the Calvada Property are a nullity and that they be expunged from the public record.

49. Donohue is informed, believes and thereon alleges that the Wardlow Survivor's Trust's actions in maintaining false documents against the Calvada Property, filing motions for relief from the automatic stay and/or failing to release and reconvey the invalid Calvada Deed of Trust in a timely manner, and expressly referencing the recorded deed of trust and recorded assignments and not alleging any of the modifications were recorded, evidence a willful and conscious disregard for Donohue's rights and interests in the Property. As such, Donohue is entitled to a judgment finding

that Defendants have slandered Plaintiff's title in the Property and that Plaintiff is entitled to an award of compensatory and punitive damages against the Wardlow Survivor's Trust in an amount to be proven at the time of trial.

### THIRD CLAIM FOR RELIEF
### Extent, Priority and Validity of Liens

50. Plaintiff realleges and incorporates herein by this reference the allegations contained in the preceding paragraphs as though fully set forth herein.

51. The Calvada Property is property of Donohue's Bankruptcy Estate under 11 U.S.C. §541.

52. This is an action brought pursuant to Fed. R. Bankr. P. 7001(2) to determine the validity, priority and extent of any purported liens under the Calvada Deed of Trust recorded against the Calvada Property. This action seeks to determine the validity, extent, and priority of any legal, equitable, or adverse claims or interest asserted therein by the Wardlow Survivor's Trust or anyone else laying claim to the Property under the Calvada Deed of Trust.

53. As stated previously, the Wardlow Note and the Calvada Deed of Trust previously encumbering the Property are conclusively presumed satisfied and discharged ten (10) years after January 9, 2009, pursuant to NRS §106.240.

54. As of January 10, 2019, the Wardlow Survivor's Trust does not have any enforceable liens or secured claims against the Calvada Property.

55. As stated previously, the Wardlow Survivor's Trust has failed to execute a deed of reconveyance, the effect of which was to allow a false statement concerning the encumbrances against the Calvada Property to continue in the public record.

56. Based on the foregoing, an actual present dispute and controversy exists and, therefore, a declaration, judgment, and/or order from this Court is necessary to determine that Donohue owns her interest in the Calvada Property free and clear of the

9

Calvada Deed of Trust; that the Wardlow Note is conclusively presumed to be regularly satisfied and the Calvada Deed of Trust discharged and of no force and effect.

## FOURTH CLAIM FOR RELIEF
## Cancellation of Instrument

57. Plaintiff realleges and incorporates herein by this reference the allegations contained in the preceding paragraphs as though fully set forth herein.

58. The Calvada Deed of Trust and Wardlow Note previously encumbering the Calvada Property are conclusively presumed satisfied and discharged ten (10) years after January 9, 2009, pursuant to NRS §106.240.

59. As of January 10, 2019 the Wardlow Survivor's Trust has no enforceable liens or secured claims against the Calvada Property.

60. There is a reasonable and actual cause that the unenforceable Calvada Deed of Trust remaining on record will cause serious injury to Ms. Donohue because it clouds the title and wrongly presents the appearance that the Calvada Property is greatly encumbered. The Calvada Deed of Trust will, and has, inhibited Plaintiff from selling or otherwise monetizing the true value in her Property.

61. Based on the foregoing, Donohue is entitled to a judgment and/or order cancelling or reconveying Calvada Deed of Trust to remove the effect of the unenforceable Deed of Trust from the Calvada Property's title.

62. In the absence of the Court cancelling or reconveying Defendants' Deed of Trust, Plaintiff is without an adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
## Objection to Proof of Claim (11 U.S.C. §502(a)

63. Plaintiff realleges and incorporates herein by this reference the allegations contained in the preceding paragraphs as though fully set forth herein.

64. The Wardlow Note and the Calvada Deed of Trust previously encumbering

10

the Calvada Property are conclusively presumed satisfied and discharged ten (10) years after January 9, 2009, pursuant to NRS §106.240.

65. As of January 10, 2019 the Wardlow Survivor's Trust did not have any enforceable loans or claims against Donohue or liens or secured claims against the Calvada Property.

66. Notwithstanding the foregoing the Wardlow Survivor Trust filed a secured proof of claim on April 14, 2022 in the amount of $369,970.24, and identifying the Calvada Deed of Trust as the basis for the secured status of the claim.

67. The Wardlow Survivor Trust's proof of claim was signed under penalty of perjury by Geraldine M. Wardlow even though the plain and unambiguous Maturity Date under the Wardlow Note and Calvada Deed of Trust, in conjunction with NRS §106.240, make it evident that the Wardlow Note and Calvada Deed of Trust are conclusively presumed satisfied and discharged and no longer due or enforceable as of January 10, 2019.

68. Based on the foregoing, Donohue objects to the Wardlow Survivor's Trust's proof of claim in its entirety, pursuant to 11 U.S.C. §502(a), and requests a judgment or order finding that the Wardlow Survivor's Trust's proof of claim is disallowed in its entirety, and the Wardlow Survivor's Trust has no valid or allowed claims in Donohue's Bankruptcy Case. A copy of the Wardlow Survivor's Trust's proof of claim has been attached as Exhibit "1" to this Complaint.

## SIXTH CLAIM FOR RELIEF

### Attorney Fees

69. Plaintiff realleges and incorporates herein by this reference the allegations contained in the preceding paragraphs as though fully set forth herein.

70. Prior to the filing of this complaint, the Wardlow Survivor's Trust had actual knowledge that the deed of trust has been discharged and that it was under a duty

11

to execute a deed of reconveyance pursuant to NRS 107.077.

71. The Wardlow Survivor's Trust's actions in failing to voluntarily reconvey the Deed of Trust in contravention of NRS §106.240, constitutes false statements that disparage and slander Donohue's interest in the Calvada Property.

72. The Wardlow Survivor's Trust's failure to reconvey the Calvada Deed of Trust creates the perception that the Wardlow Note remains due and owing and/or that the Calvada Property is encumbered by liens even though the obligations and liens are no longer valid or enforceable based on NRS §106.240.

73. Based upon the slander of title caused by the Wardlow Survivor's Trust, it is impossible for Donohue to remove the cloud upon the title of her property without retaining an attorney.

74. The only way in which the cloud upon the title to her Property can be removed and the slander of title remedied is by an order of this Court

75. In order to remove the cloud of title, Donohue has been forced to retain counsel to file this Complaint.

76. Undersigned counsel is experienced in matters of liens and litigation, and charges $595 per hour.

77. Donohue is entitled to an award of attorney fees for the necessity in retaining counsel to remove the invalid lien as special damages.

12

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Lillian Donohue, prays for judgment against Geraldine M. Wardlow, in her capacity as Trustee of The Wardlow Survivor's Trust Dated December 27, 2012 as follows:

1. For a judgment to quiet title in the Calvada Property by expunging the Wardlow Deed of Trust currently recorded in the title record of the Property;

2. For a judgment finding and concluding that the Wardlow Survivor's Trust has slandered, and are continuing to slander Plaintiffs title by willfully and consciously maintaining the false and unenforceable Deed of Trust on the Calvada Property's record title;

3. For a judgment determining that the validity, extent and priority of the Wardlow Survivor's Trust's purported lien against the Calvada Property is such that Ms. Donohue owns her interest in the Calvada Property free and clear of the Wardlow Deed of Trust, and that the Wardlow Deed of Trust is, by operation of law, satisfied, terminated, discharged and released and of no force and effect;

4. For a judgment and/or order cancelling or reconveying the Wardlow Deed of Trust to remove the effect of the unenforceable Deed of Trust from the Calvada Property's title;

5. For a judgment or order finding that the Wardlow Survivor's Trust's Proof of Claim filed in. the Bankruptcy Case on April 14, 2022, is disallowed in its entirety, and the Wardlow Survivor's Trust has no valid or allowed claims in Donohue's Bankruptcy Case;

6. For an award to Donohue of reasonable attorneys' fees and costs incurred herein;

7. For an award of compensatory and punitive damages in an amount to be proven at the time of trial; and

8. For such other and further relief as this Court may deem just and proper.

Dated: This 3rd day of June, 2022

By:

*Christopher Patrick Burke, Esq.*
Nevada State Bar No.: 004093
218 S. Maryland Prkwy.
Las Vegas, NV 895101
Tel: (702)385-7987
Fax: (702)385-7986
email: atty@cburke.lvcoxmail.com
Attorney for Plaintiff:
Lillian Jo Sondgeroth Donohue

14