CHRISTOPHER P. BURKE, ESQ.　　　　　　　　　　*ECF Filed On*  6/15/22
Nevada Bar No.: 004093
atty@cburke.lvcoxmail.com
218 S. Maryland Pkwy.
Las Vegas, Nevada 89101
(702) 385-7987
Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In Re: | Case No.: 22-11027-ABL |
|---|---|
| LILLIAN JO SONDGEROTH DONOHUE, | Chapter 13 |
| Debtor. | Date:<br>Time: |

**DEBTOR'S MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS AND SEQUESTER FUNDS**

Debtor, Lillian Jo Sondgeroth Donohue ("Debtor" or "Donohue") files the following motion to sell the real property located at 2240 East Calvada Blvd., Pahrump, Nevada 89048, Assessor's Parcel No. 38-891-07 ("2240 Calvada Property") free and clear of liens and to sequester funds.[1]

**I**
**Background**

The Wardlow Survivor's Trust ("Wardlow") holds a note and deed of trust on the Calvada property. The note was executed in 2006, as was the deed of trust.

Under the terms of the note, all amounts came due and payable on January 9, 2009. Over the years, the parties signed four modification agreements, extending the maturity date. None of these modification agreements were recorded in the Nye County Recorder's office until after the bankruptcy had been filed. Specifically, Wardlow

---
1. Pending the result in Adv. 22-1106.

1

1 recorded three of the four modification agreements on June 7, 2022.

2     This is not a coincidence. One day earlier, on June 6, 2022, the Debtor filed her opposition (Dkt.#58) to Wardlow's motion for stay relief (Dkt.#33). In that opposition, the Debtor specifically cited NRS 106.240. It provides in relevant part that a debt which comes wholly due under its own terms (and is secured by a deed of trust) is *conclusively presumed* to be discharged ten years after the due date.

    The statute goes on to say this time period may be extended by "any *recorded* written extension". *Id*. The Debtor provided evidence to this Court that (1) no written extension had ever been recorded at the time she filed bankruptcy; and (2) the note came due on its own terms on January 9, 2009. In fact, Wardlow does not dispute these facts and has admitted to them (Dkt.#33, p.4, ln.13-27, p.5, ln.1-6).

    Also on June 6, 2022, the Debtor filed an adversary complaint against Wardlow to, among other things, determine the validity, extent and nature of the Woardlow deed of trust (Adv. 22-01106-ABL).

## II
## The Sale

1. On March 24, 2022, Debtor filed a Chapter 13 bankruptcy.
2. Debtor's Schedule 'A' lists 2240 East Calvada Blvd., Pahrump, Nevada 89048 as Debtors' commercial property.
3. Debtors Schedules list 2240 East Calvada Blvd., Pahrump, Nevada on Schedule A.
4. In Debtors petition 2240 East Calvada Blvd., was valued at $599,000 (Dkt.#11, p.6).
5. The Debtor is disputing how much is owed, if anything, on her first mortgage to The Wardlow Survivor's Trust Dated December 27, 2012 (Dkt.#41, p.15).
6. The Debtors plan has not been confirmed.
7. That Donohue seeks to sell 2240 East Calvada is to pay approximately

$32,000 into her plan and use this money to pay off all claims[2] (Ex. 'A'- Decl. L. Donohue).

8. At this time, Debtor is current with her chapter 13 plan payment to the Trustee.

9. Debtor is attempting to sell 2240 East Calvada Blvd., for approximately $550,000 (See Ex. 'B'). This is a "cash as-is" purchase.

10. After closing costs, commissions, liens and fees Debtor still expects to net at least one hundred and fifty thousand dollars. However, this can be adjusted upward pending the results in Donohue's adversary.

11. As already noted, the Debtor will pay off her chapter 13 plan with some of these proceeds.

12. After selling the property at 2240 East Calvada Blvd., Debtor may modify her plan as paid in full once the proceeds are used to pay off her plan.

13. Attorney Burke will be seeking compensation of $1,900 from the sale for filing this motion to sell and the order employing Realtor.

14. An offer has been made to purchase 2240 East Calvada Blvd. However, the agreement on the sale of 2240 East Calvada Blvd., which had a deadline of July 13, 2022, was extended and escrow is scheduled to close on or before August 8, 2022, but the parties are pushing to close a lot sooner i.e. late June 2022 or early July 2022 (Ex. 'A'- Decl. L. Donohue).

15. Debtor is requesting an Order Shortening Time because the parties are ready to close and Donahue seeks to pay off her chapter 13 plan (Ex. 'A' Decl. L. Donahue).

### III
### Argument

This is a motion to sell real property outside the ordinary course of business pursuant to 11 U.S.C. §363(b).

**A.    Authority of Debtor**

The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate. See 11 U.S.C. §363(b)(1). A

---

2. Pending amendment or objection to the IRS's claim.

Chapter 13 Debtor has, exclusive of the trustee, the rights and powers of a trustee under sections 363(b) and 363(f).

**B.      Bona Fide Dispute**

When the property sought to be sold under 11 U.S.C. §363(b)(1) is encumbered, then 11 U.S.C. §363(f) applies. Under §363(f)(4) permits a sale to go forward even if the creditor's interest is in bona fide dispute. The Ninth Circuit has joined with the Seventh Circuit with the adoption of an objective test to determine whether or not an interest is in bona fide dispute. The Bankruptcy Court is to determine whether there is an objective basis for either a factual or a legal dispute as to the validity of the debt. *In re Vortex Fishing Sys., Inc.*, 277 F.3d 1057, 1064–65 (9th Cir. 2002). See also *In re Dewey Ranch Hockey, LLC*, 406 B.R. 30, 39 (Bankr. D. Ariz. 2009).

It is the Debtor's position that the Wardlow note and deed of trust were conclusively presumed satisfied and discharged on January 9, 2019. Wardlow, on the other hand, is arguing NRS 106.240 does not apply. This is an objective basis for a legal dispute since the argument derives from the plain language of NRS 106.240.

**C.      Evidentiary Foundation to Support Application of Nevada's Ancient Mortgage Rule**

The Chapter 13 Debtor believes the following facts are not in dispute:

1. The Wardlow note was executed in 2006, and it became due and payable in full under its own terms on January 9, 2009.
2. The Debtor did not pay the note in full by January 9, 2009.
3. Between January 7, 2009 and January 10, 2012 Wardlow and the Debtor executed four modification agreements. The January 10, 2012 modification extended the maturity date to January 9, 2016.
4. The Debtor filed the instant bankruptcy on March 24, 2022.
5. As of the petition date, none of the four modification agreements had been recorded in Nye County.

6. On April 19, 2022 Wardlow filed a motion for relief from the automatic stay (Dkt.#21). The motion was opposed by the Debtor (Dkt.#31)

7. This Court issued its oral ruling denying Wardlow's motion without prejudice on May 12, 2022. A written order denying the motion was entered on May 20, 2022 (Dkt.#42).

8. On May 17, 2022 Wardlow filed its second motion for stay relief (Dkt.#33). The Court heard argument on June 9, 2022. The Court will announce its oral ruling on June 23, 2022.

9. On June 7, 2022 Wardlow recorded three of the four modification agreements in Nye County without the Debtor's consent.

10. Since the execution of the note, the Debtor has made payments, and she has made payments to Wardlow for 15 of the past 16 years (Ex. 'A' Decl. L. Donahue).

**D.  Nevada's Ancient Mortgage Rule**

Nevada's ancient mortgage rule is codified in NRS 106.240. It is an unambiguous statute:

> The lien heretofore or hereafter created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall be **conclusively presumed** that the debt has been regularly satisfied and the lien discharged.

Clearly, as noted, this is a conclusive presumption statute. It is not a statute of limitation, nor is it a statute of repose. In fact case law has specifically noted that NRS 106.240 does not create a statute of limitations; NRS 106.240 creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due. *Bank of New York Mellon v. Ruddell*, 380 F. Supp. 3d 1096, 1100 (D. Nev.

5

2019). Accordingly, rules regarding tolling, waiver, forfeiture, and estoppel can not apply.

Most presumptions are evidentiary in nature. They affect the shifting of burdens and can be rebutted. Conclusive presumptions are different, as recognized by the Ninth Circuit. To the extent that the presumption is conclusive, it is a substantive rule of law based upon a determination by the Legislature as a matter of social policy. *P.O.P.S. v. Gardner*, 998 F.2d 764 (9th Cir. 1993). In *P.O.P.S* the Court upheld a statutory schedule that provided presumptive child support awards in divorce cases. The Court found that the economic table is the implementation of a substantive rule of law. *Id* at 767.

Here, the Nevada Legislature has seen fit to insure secured debts that come due in full under their own terms are either: (1) paid in ten years; (2) foreclosed upon; (3) extended by a recorded writing; or (4) extinguished. The legislative history is sparce but as notes in AB 426:

> Provides for extinguishments of lien of deed of trust. Mr. Knisley said he was afraid of the bill without more language. Mr. Wilson said we have this now on mortgages. Mr. Hale said this says ten year and is a basis for clearing a title. Mr. Wilson said all we need is to add "or any written extension thereof. Mr. Knisley moved amend and Do Pass Mr. Swobe seconded Motion passed unanimously.

Wardlow has argued that the extinguishment of the debt and deed of trust owed to the Trust by the Ancient Mortgage statues is not fair.

However, fairness must be examined in the light of all circumstances. Here:

- It was Wardlow who chose the January 9, 2009 maturity date;
- It was Wardlow who had the Debtor sign, not one, but four written loan extensions;
- It was Wardlow who failed to record the written extensions. A consultation with an attorney would have revealed that recording the extensions would have protected the Trust from the consequences it now complains;

6

- The record contains no facts that even suggest the Debtor mislead Wardlow in anyway.

The Ninth Circuit has stated that it is its traditional rule that ignorance of the law is no excuse from liability. *United States v. Singh*, 979 F.3d 697, 713 (9th Cir. 2020), *cert. denied sub nom. Matsura v. United States*, 210 L. Ed. 2d 833 (May 24, 2021). Wardlow may not blame the Debtor for exercising legal rights Wardlow may have been unaware of. In essence, parties who loan and borrow money are charged with knowing the law, whether or not they actually do.

### E. Nevada's Ancient Mortgage Rule is unambiguous and requires no interpretation

When the words of the statute have a definite and ordinary meaning, courts will not look beyond the plain language of the statute, unless it is clear that this meaning was not intended. *Harris Associates v. Clark County School Dist.,* 119 Nev. 638, 81 P.3d 532, (Nev. 2003). Where the language of a statute is plain and unambiguous, and its meaning clear and unmistakable, there is no room for construction, and the courts are not permitted to search for its meaning beyond the statute itself. *Erwin v. State,* 111 Nev. 1535, 1538–39, 908 P.2d 1367, 1369 (1995).

This rule of statutory construction was applied to NRS 106.240 in *Pro-Max Corp. v. Feenstra*, 117 Nev. 90, 16 P.3d 1074, (2001), *opinion reinstated on reh'g* (Jan. 31, 2001). It found the meaning of NRS 106.240 to be both clear and unambiguous:

> We conclude that the statute is clear and unambiguous. That being the case, no further interpretation is required or permissible. Under the plain language of the statute, the deeds of trust are conclusively presumed to have been satisfied and the notes discharged. This conclusive presumption is plain, clear and unambiguous. No limitation of the statute's terms to bona fide purchasers can be read into the statute.

*Id* 117 Nev. at 95

To the extent that, extinguishment of Wardlows claims seems harsh, the U.S. Supreme Court has upheld the results of conclusive presumptions. In *Locke*, it held that

7

although § 314(c) is couched in terms of a conclusive presumption of "abandonment," there can be little doubt that Congress intended § 314(c) to cause a forfeiture of all claims for which the filing requirements of §§ 314(a) and 314(b) had not been met. *United States v. Locke*, 105 S. Ct. 1785, 1795 (1985).

To begin with, the Senate version of § 314(c) provided that any claim not properly recorded "shall be conclusively presumed to be abandoned and shall be void." S. 507, 94th Cong., 1st Sess., § 311 (1975). The Committee Report accompanying S. 507 repeatedly indicated that failure to comply with the filing requirements would make a claim "void." See S.Rep. No. 94–583, pp. 65, 66 (1975). *Id.*

The House legislation and Reports merely repeat the statutory language without offering any explanation of it, but it is clear from the Conference Committee Report that the undisputed intent of the Senate—to make "void" those claims for which proper filings were not timely made—was the intent of both Chambers. The Report stated: "Both the Senate bill and House amendments provided for recordation of mining claims and for extinguishment of abandoned claims." H.R.Rep. No. 94–1724, p. 62 (1976), U.S.Code Cong. & Admin.News 1976, pp. 6175, 6233.

The Ninth Circuit held the same in an earlier decision, "[f]or these reasons, we find that Congress intended in §314(c) to *extinguish* those claims for which timely filing were not made. Specific evidence of intent to abandon is simply made irrelevant by §314(c) the failure to file on time, in and if itself, causes a claim to be lost." See *Western Mining Council v. Watt*, 643 F.2d 618, 628 (9th Cir. 1981)(emphasis added). Although these cases deal with mining claims, the concept is the same. There are no equitable considerations that can get around conclusive presumptions.

### F.    Sequester Funds

Because there is a legitimate dispute over the status of the lien, Donohue requests this Court impound, sequester, or reserve the funds after sale up to the amount of

Wardlow's claim plus an additional six (6) months of payments until the parties adversary is resolved. See 11 U.S.C. §105(a).

## V
## Conclusion

There is a bona fide dispute with respect to the Wardlow note and deed of trust. It is an objective legal dispute that concerns the plain language of NRS 106.240. This dispute will be resolved in the Debtor's adversary proceeding. It is not necessary to resolve the dispute as a condition of approving the sale.

For those reasons, the Debtor respectfully requests that this Court approve the sale and that the amount claimed by Wardlow, plus an additional six months, be sequestered or impounded until the adversary is resolved.

DATED this 15th day of June, 2022

/S/CHRISTOPHER P. BURKE, ESQ.
CHRISTOPHER P. BURKE, ESQ.
Nevada Bar No.: 004093
218 S. Maryland Parkway
Las Vegas, NV 89101
(702) 385-7987
Attorney for Debtor

9