# Ex. 'D'

Purchase Agreement

Authentisign ID: B4FFA4E1-E0EC-EC11-B656-501AC56BE253

  

COMPASS REALTY & MANAGEMENT

## RESIDENTIAL PURCHASE AGREEMENT
(Joint Escrow Instructions)

Date: __06/15/22__

1
2
3  Kenneth Searles    Anna Searles _____ ("Buyer"), hereby offers to purchase
4  __2240    E Calvada BL_____ ("Property"),
5  within the city or unincorporated area of _____PAHRUMP_____, County of _____NYE_____,
6  State of Nevada, Zip __89048__   A.P.N. # __38-891-07__ for the purchase price of
7  $ __540,000.00__  ( __Five Hundred Forty Thousand__ dollars) ("Purchase Price")
8  on the terms and conditions contained herein: BUYER ☐ does –OR– ☒ does not intend to occupy the Property as a residence.
9

### Buyer's Offer

10  **1.    FINANCIAL TERMS & CONDITIONS:**
11  $ __5,000.00__    **A. EARNEST MONEY DEPOSIT** ("EMD") is ☐ presented with this offer –OR– ☒
12                   __To Be Wired__ . Upon Acceptance, Earnest Money to be
13                   deposited within one (1) business day from acceptance of offer (as defined in Section 23 herein) -OR-
14                   __3__ business days if wired to: ☒ Escrow Holder, ☐ Buyer's Broker's Trust Account, –OR– ☐ Seller's
15                   Broker's Trust Account. *(NOTE: It is a felony in the State of Nevada—punishable by up to four years in prison and a
16                   $5,000 fine—to write a check for which there are insufficient funds. NRS 193.130(2)(d).)*
17
18  $ __0.00__       **B. ADDITIONAL DEPOSIT** to be placed in escrow on or before (date) _____. The
19                   additional deposit ☐ will –OR– ☐ will not be considered part of the EMD. (Any conditions on the additional
20                   deposit should be set forth in Section 29 herein.)
21
22  $ __0.00__       **C. THIS AGREEMENT IS CONTINGENT UPON BUYER QUALIFYING FOR A <u>NEW LOAN</u>:**
23                   ☐ Conventional, ☐ FHA, ☐ VA, ☐ Other (specify) _____.
24
25  $ __0.00__       **D. THIS AGREEMENT IS CONTINGENT UPON BUYER QUALIFYING TO <u>ASSUME THE</u>**
26                   **<u>FOLLOWING EXISTING LOAN(S)</u>:**
27                   ☐ Conventional, ☐ FHA, ☐ VA, ☐ Other (specify) _____.
28                   Interest: ☐ Fixed rate, ____ years – OR – ☐ Adjustable Rate, ____ years. Seller further agrees to provide
29                   the Promissory Note and the most recent monthly statement of all loans to be assumed by Buyer within FIVE
30                   (5) calendar days of acceptance of offer.
31
32  $ __0.00__       **E. BUYER TO EXECUTE A <u>PROMISSORY NOTE SECURED BY DEED OF TRUST</u> PER TERMS**
33                   **IN THE "FINANCING ADDENDUM"** which is attached hereto.
34
35  $ __535,000.00__ **F. BALANCE OF PURCHASE PRICE** (Balance of Down Payment) in Good Funds to be paid prior to
36                   Close of Escrow ("COE").
37
38  $ __540,000.00__ **G. TOTAL PURCHASE PRICE** (This price DOES NOT include closing costs, prorations, or other fees
39                   and costs associated with the purchase of the Property as defined herein.)
40
41

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name(s): __Kenneth Searles    Anna Searles__    BUYER(S) INITIALS: __KS__ / __AS__ / ____ / ____

Property Address: __2240    E Calvada BL_____    SELLER(S) INITIALS: __YP__ / ____ / ____ / ____

Rev. 09.21                    ©2021 Greater Las Vegas Association of REALTORS®              Page 1 of 11

This form presented by Dennis P Prieto | Compass Realty & Management | 7025861616 | dennisprietolvhomes@gmail.com

TRANSACTIONS TransactionDesk Edition

2. **ADDITIONAL FINANCIAL TERMS & CONTINGENCIES:**

   A. **NEW LOAN APPLICATION:** Within __N/A__ business days of Acceptance, Buyer agrees to (1) submit a completed loan application to a lender of Buyer's choice and (2) furnish a preapproval letter to Seller based upon a standard factual credit report and review of debt-to-income ratios. If Buyer fails to complete any of these conditions within the applicable time frame, Seller reserves the right to terminate this Agreement. In such event, both parties agree to cancel the escrow and return EMD to Buyer. Buyer shall use Buyer's best efforts to obtain financing under the terms and conditions outlined in this Agreement.

   B. **APPRAISAL CONTINGENCY:** Buyer's obligation to purchase the property is contingent upon the property appraising for not less than the Purchase Price. If after the completion of an appraisal by a licensed appraiser, Buyer receives written notice from the lender or the appraiser that the Property has appraised for less than the purchase price (a "Notice of Appraised Value") Buyer may attempt to renegotiate or cancel the RPA by providing written notice to the Seller (with a copy of the Appraisal) no later than __N/A__ calendar days following the date of Acceptance of the RPA; whereupon the EMD shall be released to the Buyer without the requirement of written authorization from Seller. **IF this Residential Purchase Agreement is not cancelled, in writing on or before the Appraisal Deadline, Buyer shall be deemed to have waived the appraisal contingency.**

   C. **LOAN CONTINGENCY:** Buyer's obligation to purchase the property is contingent upon Buyer obtaining the loan referenced in Section 1(C) or 1(D) of the RPA unless otherwise agreed in writing. Buyer shall remove the loan contingency in writing, attempt to renegotiate, or cancel the RPA by providing written notice to the Seller no later than __N/A__ calendar days following the date of Acceptance of the RPA; whereupon the EMD shall be released to the Buyer without the requirement of written authorization from Seller. **IF this Residential Purchase Agreement is not cancelled, in writing on or before the Loan Contingency Deadline, Buyer shall be deemed to have waived the loan contingency.**

   D. **CASH PURCHASE:** Within __3-5__ business days of Acceptance, Buyer agrees to provide written evidence from a bona fide financial institution of sufficient cash available to complete this purchase. If Buyer does not submit the written evidence within the above period, Seller reserves the right to terminate this Agreement.

3. **SALE OF OTHER PROPERTY:**

   A. This Agreement is NOT contingent upon the sale of any property owned by the Buyer. –OR–

   B. ☐ (if checked): The attached Contingent Upon Sale Addendum is hereby incorporated into this agreement.

4. **FIXTURES AND PERSONAL PROPERTY:** The following items will be transferred, free of liens, with the sale of the Property with no real value unless stated otherwise herein. Unless an item is covered under Section 7(F) of this Agreement, all items are transferred in an "AS IS" condition. All EXISTING fixtures and fittings including, but not limited to: electrical, mechanical, lighting, plumbing and heating fixtures, ceiling fan(s), fireplace insert(s), gas logs and grates, solar power system(s), built-in appliance(s) including ranges/ovens, window and door screens, awnings, shutters, window coverings, attached floor covering(s), television antenna(s), satellite dish(es), private integrated telephone systems, air coolers/conditioner(s), pool/spa equipment, garage door opener(s)/remote control(s), mailbox, in-ground landscaping, trees/shrub(s), water softener(s), water purifiers, security systems/alarm(s).

The following additional items of personal property are also included:
None

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name(s): __Kenneth Searles__   __Anna Searles__   BUYER(S) INITIALS: __KS__ / __AS__ / ____ / ____

Property Address: __2240 E Calvada BL__   SELLER(S) INITIALS: ____ / ____ / ____

Rev. 09.21   ©2021 Greater Las Vegas Association of REALTORS®   Page 2 of 11

This form presented by Dennis P Prieto | Compass Realty & Management | 7025861616 | dennisprietolvhomes@gmail.com

TRANSACTIONS
TransactionDesk Edition

5. **ESCROW:**

   A. **OPENING OF ESCROW:** The purchase of the Property shall be consummated through Escrow ("Escrow"). Opening of Escrow shall take place by the end of one (1) business day after Acceptance of this Agreement ("Opening of Escrow"), at __Fidelity National Title__ title or escrow company ("Escrow Company" or "ESCROW HOLDER") with __Dorothy Sweet__ ("Escrow Officer") (or such other escrow officer as Escrow Company may assign). Opening of Escrow shall occur upon Escrow Company's receipt of this fully accepted Agreement. ESCROW HOLDER is instructed to notify the Parties (through their respective Agents) of the opening date and the Escrow Number.

   B. **EARNEST MONEY:** Upon Acceptance, Buyer's EMD as shown in Section 1(A), and 1(B) if applicable, of this Agreement, shall be deposited pursuant to the language in Section 1(A) and 1(B) if applicable.

   C. **CLOSE OF ESCROW:** Close of Escrow ("COE") shall be on or before __07/20/22__ (date). If the designated date falls on a weekend or holiday, COE shall be the next business day.

   D. **IRS DISCLOSURE:** Seller is hereby made aware that there is a regulation that requires all ESCROW HOLDERS to complete a modified 1099 form, based upon specific information known only between parties in this transaction and the ESCROW HOLDER. Seller is also made aware that ESCROW HOLDER is required by federal law to provide this information to the Internal Revenue Service after COE in the manner prescribed by federal law.

6. **TITLE INSURANCE:** This Purchase Agreement is contingent upon the Seller's ability to deliver, good and marketable title as evidenced by a policy of title insurance, naming Buyer as the insured in an amount equal to the purchase price, furnished by the title company identified in Section 5(A). Said policy shall be in the form necessary to effectuate marketable title or its equivalent and shall be paid for as set forth in Section 8(A).

7. **BUYER'S DUE DILIGENCE:** Buyer's obligation [X] is –OR– [ ] is not conditioned on the Buyer's Due Diligence as defined in this section 7(A) below. This condition is referred to as the "Due Diligence Condition" if checked in the affirmative, Sections 7 (A) through (C) shall apply; otherwise, they do not. Buyer shall have __15__ calendar days following the date of Acceptance of the RPA (as defined in Section 23 herein) to complete Buyer's Due Diligence. Seller agrees to cooperate with Buyer's Due Diligence. **Seller shall ensure that all necessary utilities (gas, power and water) and all operable pilot lights are on for Buyer's investigations and through the close of escrow.**

   A. **PROPERTY INSPECTION/CONDITION:** During the Due Diligence Period, Buyer shall take such action as Buyer deems necessary to determine whether the Property is satisfactory to Buyer including, but not limited to, whether the Property is insurable to Buyer's satisfaction, whether there are unsatisfactory conditions surrounding or otherwise affecting the Property (such as location of flood zones, airport noise, noxious fumes or odors, environmental substances or hazards, whether the Property is properly zoned, locality to freeways, railroads, places of worship, schools, golf courses, etc.) or any other concerns Buyer may have related to the Property. During such Period, Buyer shall have the right to conduct, non-invasive/ non-destructive inspection of all structural, roofing, mechanical, electrical, plumbing, heating/air conditioning, water/well/septic, pool/spa, survey, square footage, and any other property or systems, through licensed and bonded contractors or other qualified professionals. Seller agrees to provide reasonable access to the Property to Buyer and Buyer's inspectors. Buyer agrees to indemnify and hold Seller harmless with respect to any injuries suffered by Buyer or third parties present at Buyer's request while on Seller's Property conducting such inspections, tests or walk-throughs. Buyer's indemnity shall not apply to any injuries suffered by Buyer or third parties present at Buyer's request that are the result of an intentional tort, gross negligence or any misconduct or omission by Seller, Seller's Agent or other third parties on the Property. Buyer is advised to consult with appropriate professionals regarding neighborhood or Property conditions, including but not limited to: schools; proximity and adequacy of law enforcement; proximity to commercial, industrial, or agricultural activities; crime statistics; fire protection; other governmental services; existing and proposed transportation; construction and development; noise or odor from any source; and other nuisances, hazards or circumstances. If Buyer cancels this Agreement due to a specific inspection report, Buyer shall provide Seller at the time of cancellation with a copy of the report containing the name, address, and telephone number of the inspector.

   B. **BUYER'S RIGHT TO CANCEL OR RESOLVE OBJECTIONS:** If Buyer determines, in Buyer's sole discretion, that the results of the Due Diligence are unacceptable, Buyer may either: (i) no later than the Due Diligence Deadline referenced in Section 7, cancel the Residential Purchase Agreement by providing written notice to the Seller, whereupon the Earnest Money Deposit referenced in Section 1(A) shall be released to the Buyer without the requirement of further written authorization from Seller; or (ii) no later than the Due Diligence Deadline referenced in Section 7, resolve in writing with Seller any objections Buyer has arising from Buyer's Due Diligence.

   C. **FAILURE TO CANCEL OR RESOLVE OBJECTIONS:** If Buyer fails to cancel the Residential Purchase Agreement or fails to resolve in writing with Seller any objections Buyer has arising from Buyer's Due Diligence, as provided in Section 7, **Buyer shall be deemed to have waived the Due Diligence Condition.**

BUYER(S) INITIALS: [KS] / [AS] / ___ / ___

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name(s): __Kenneth Searles__    __Anna Searles__    BUYER(S) INITIALS: [KS] / [AS] / ___ / ___

Property Address: __2240  E Calvada BL__    SELLER(S) INITIALS: ___ / ___ / ___ / ___

Rev. 09.21    ©2021 Greater Las Vegas Association of REALTORS®    Page 3 of 11

Authentisign ID: B4FFA4E1-E0EC-EC11-B656-501AC56BE253

D. **INSPECTIONS:** Acceptance of this offer is subject to the following reserved right. Buyer may have the Property inspected and select the licensed contractors, certified building inspectors and/or other qualified professionals who will inspect the Property. Seller will ensure that necessary utilities (gas, power and water and all operable pilot lights) are turned on and supplied to the Property within two (2) business days after Acceptance of this Agreement, to remain on until COE. *It is strongly recommended that Buyer retain licensed Nevada professionals to conduct inspections.* If any inspection is not completed and requested repairs are not delivered to Seller within the Due Diligence Period, Buyer is deemed to have waived the right to that inspection and Seller's liability for the cost of all repairs that inspection would have reasonably identified had it been conducted, except as otherwise provided by law. The foregoing expenses for inspections will be paid outside of Escrow unless the Parties present instructions to the contrary prior to COE, along with the applicable invoice.
(Identify which party shall pay for the inspection noted below either: SELLER, BUYER, 50/50, WAIVED or N/A.)

| Type | Paid By | Type | Paid By | Type | Paid By |
|---|---|---|---|---|---|
| Energy Audit | Waived | Fungal Contaminant Inspection | Waived | Well Inspection (Quantity) | N/A |
| Home Inspection | Buyer | Mechanical Inspection | Waived | Well Inspection (Quality) | N/A |
| Termite/Pest Inspection | Waived | Pool/Spa Inspection | N/A | Wood-Burning Device/Chimney Inspection | N/A |
| Roof Inspection | Waived | Soils Inspection | Waived | Septic Inspection | N/A |
| Septic Lid Removal | N/A | Septic Pumping | N/A | Structural Inspection | Waived |
| Survey (type): | Waived | Elevator: | N/A | Other: | Waived |

E. **CERTIFICATIONS:** In the event an inspection reveals areas of concern with the roof, septic system, well, wood burning device/chimney or the possible presence of a fungal contaminant, Buyer reserves the right to require a certification. The expenses for certifications will be paid outside of Escrow unless the Parties present instructions to the contrary prior to COE (along with the applicable invoice). A certification is not a warranty.

F. **BUYER'S REQUEST FOR REPAIRS:** It is Buyer's responsibility to inspect the Property sufficiently as to satisfy Buyer's use. Buyer reserves the right to request repairs, based upon the Seller's Real Property Disclosure or items which materially affect value or use of the Property revealed by an inspection, certification or appraisal. Items of a general maintenance or cosmetic nature which do not materially affect value or use of the Property, which existed at the time of Acceptance and which are not expressly addressed in this Agreement are deemed accepted by the Buyer, except as otherwise provided in this Agreement. The Brokers herein have no responsibility to assist in the payment of any repair, correction or deferred maintenance on the Property which may have been revealed by the above inspections, agreed upon by the Buyer and Seller or requested by one party.

8. **FEES, AND PRORATIONS** (Identify which party shall pay the costs noted below either: SELLER, BUYER, 50/50, WAIVED or N/A.)

A. **TITLE, ESCROW & APPRAISAL FEES:**

| Type | Paid By | Type | Paid By | Type | Paid By |
|---|---|---|---|---|---|
| Escrow Fees | 50/50 | Lender's Title Policy | Waived | Owner's Title Policy | Seller |
| Real Property Transfer Tax | Seller | Appraisal | Waived | Other: | Waived |

B. **PRORATIONS:** Any and all rents, taxes, interest, homeowner association fees, trash service fees, payments on bonds, SIDs, LIDs, and assessments assumed by the Buyer, and other expenses of the property shall be prorated as of the date of the recordation of the deed. Security deposits, advance rentals or considerations involving future lease credits shall be credited to the Buyer. All prorations will be based on a 30-day month and will be calculated as of COE. Prorations will be based upon figures available at closing. Any supplements or adjustments that occur after COE will be handled by the parties outside of Escrow.

C. **PRELIMINARY TITLE REPORT:** Within ten (10) business days of Opening of Escrow, Title Company shall provide Buyer with a Preliminary Title Report ("PTR") to review, which must be approved or rejected within five (5) business days of receipt thereof. If Buyer does not object to the PTR within the period specified above, the PTR shall be deemed accepted. If Buyer makes an objection to any item(s) contained within the PTR, Seller shall have five (5) business days after receipt of objections to correct or address the objections. If, within the time specified, Seller fails to have each such exception removed or to correct each such objection, Buyer shall have the option to: (a) terminate this Agreement by providing notice to

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name(s): Kenneth Searles    Anna Searles    BUYER(S) INITIALS: KS / AS / /

Property Address: 2240 E Calvada BL    SELLER(S) INITIALS: ___ / ___ / ___

Rev. 09.21    ©2021 Greater Las Vegas Association of REALTORS®    Page 4 of 11

This form presented by Dennis P Prieto | Compass Realty & Management | 7025861616 | dennisprietolvhomes@gmail.com


TRANSACTIONS
TransactionDesk Edition

Authentisign ID: B4FFA4E1-E0EC-EC11-B656-501AC56BE253

Seller and Escrow Officer, entitling Buyer to a refund of the EMD or (b) elect to accept title to the Property as is. All title exceptions approved or deemed accepted are hereafter collectively referred to as the "Permitted Exceptions."

**D. CLOSING FEES:** In addition to Seller's expenses identified herein, Seller will contribute $ 0.00 to Buyer's Lender's Fees ☐ including –OR– ☐ excluding costs which Seller must pay pursuant to loan program requirements, Title and Escrow Fees and/or Buyer's reoccurring and non-reoccurring closing fees that may include brokerage Commissions not covered as part of the cooperation offered but not limited to. Different loan types (e.g., FHA, VA, conventional) have different appraisal and financing requirements, which will affect the parties' rights and costs under this Agreement.

**E. HOME PROTECTION PLAN:** Buyer and Seller acknowledge that they have been made aware of Home Protection Plans that provide coverage to Buyer after COE. Buyer ☒ waives –OR– ☐ requires a Home Protection Plan with _____. ☐ Seller –OR– ☐ Buyer will pay for the Home Protection Plan at a price not to exceed $ 0.00 . Buyer will order the Home Protection Plan. Neither Seller nor Brokers make any representation as to the extent of coverage or deductibles of such plans.

**9. TRANSFER OF TITLE:** Upon COE, Buyer shall tender to Seller the agreed upon Purchase Price, and Seller shall tender to Buyer marketable title to the Property free of all encumbrances other than (1) current real property taxes, (2) covenants, conditions and restrictions (CC&R's) and related restrictions, (3) zoning or master plan restrictions and public utility easements; and (4) obligations assumed, and encumbrances accepted by Buyer prior to COE. Buyer is advised the Property may be reassessed after COE which may result in a real property tax increase or decrease.

**10. COMMON-INTEREST COMMUNITIES:** If the Property is subject to a Common Interest Community ("CIC"), **Seller shall provide AT SELLER'S EXPENSE the CIC documents as required by NRS 116.4109** (collectively, the "resale package"). Seller shall request the resale package within two (2) business days of Acceptance and provide the same to Buyer within one (1) business day of Seller's receipt thereof.

- **Pursuant to NRS 116.4109, Buyer may cancel this Agreement without penalty until midnight of the fifth (5th) calendar day following the date of receipt of the resale package.** If Buyer elects to cancel this Agreement pursuant to this statute, he/she must deliver, via hand delivery, prepaid U.S. mail, or electronic transmission, a written notice of cancellation to Seller or his or her authorized agent.
- **If Buyer does not receive the resale package within fifteen (15) calendar days of Acceptance, this Agreement may be cancelled in full by Buyer without penalty.** Notice of cancellation shall be delivered pursuant to Section 24 of the RPA.
- Upon such written cancellation, Buyer shall promptly receive a refund of the EMD. The parties agree to execute any documents requested by ESCROW HOLDER to facilitate the refund. If written cancellation is not received within the specified time period, the resale package will be deemed approved. Seller shall pay all outstanding CIC fines or penalties at COE.

**A. CIC RELATED EXPENSES:** (Identify which party shall pay the costs noted below either: SELLER, BUYER, 50/50, WAIVED or N/A.)

| Type | Paid By | Type | Paid By | Type | Paid By |
|---|---|---|---|---|---|
| CIC Demand | N/A | CIC Capital Contribution | N/A | CIC Transfer Fee/Setup Fee | N/A |
|  |  |  |  |  |  |

**11. DISCLOSURES:** Within five (5) calendar days of Acceptance of this Agreement, Seller will provide the following Disclosures and/or documents. Check applicable boxes.
- ☒ Seller Real Property Disclosure Form: (NRS 113.130)
- ☐ Open Range Disclosure: (NRS 113.065)
- ☐ Construction Defect Claims Disclosure: If Seller has marked "Yes" to Paragraph 1(d) of the Sellers Real Property Disclosure Form (NRS 40.688)
- ☐ Lead-Based Paint Disclosure and Acknowledgment: required if constructed before 1978 (24 CFR 745.113)
- ☐ "Hey…." It's A Smart Home Disclosure
- ☐ Other: (list) _____

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name(s): Kenneth Searles    Anna Searles    BUYER(S) INITIALS: KS / AS / ___ / ___

Property Address: 2240 E Calvada BL    SELLER(S) INITIALS: ___ / ___ / ___ / ___

12. **FEDERAL FAIR HOUSING COMPLIANCE AND DISCLOSURES:** All properties are offered without regard to race, color, religion, sex, national origin, age, gender identity or expression, familial status, sexual orientation, ancestry, or handicap and any other current requirements of federal or state fair housing laws.

13. **WALK-THROUGH INSPECTION OF PROPERTY:** Buyer is entitled under this Agreement to a walk-through of the Property within __3__ calendar days prior to COE to ensure the Property and all major systems, appliances, heating/cooling, plumbing and electrical systems and mechanical fixtures are as stated in Seller's Real Property Disclosure Statement, and that the Property and improvements are in the same general condition as when this Agreement was Accepted by Seller and Buyer. To facilitate Buyer's walk-through, Seller is responsible for keeping all necessary utilities on, including all operable pilot lights. If any systems cannot be checked by Buyer on walk-through due to non-access or no power/gas/water, then Buyer reserves the right to hold Seller responsible for defects which could not be detected on walk-through because of lack of such access or power/gas/water. The purpose of the walk-through is to confirm (a) the Property is being maintained (b) repairs, if any, have been completed as agreed, and (c) Seller has complied with Seller's other obligations. **If Buyer elects not to conduct a walk-through inspection prior to COE, then all systems, items and aspects of the Property are deemed satisfactory, and Buyer releases Seller's liability for costs of any repair that would have reasonably been identified by a walk-through inspection, except as otherwise provided by law.**

14. **DELIVERY OF POSSESSION:** Seller shall deliver the Property along with any keys, alarm codes, garage door opener/controls and, if freely transferable, parking permits and gate transponders outside of Escrow, upon COE. Seller agrees to vacate the Property and leave the Property in a neat and orderly, broom-clean condition and tender possession no later than [X] COE –OR– _____. In the event Seller does not vacate the Property by this time, Seller shall be considered a trespasser in addition to Buyer's other legal and equitable remedies. Any personal property left on the Property after the date indicated in this section shall be considered abandoned by Seller.

15. **RISK OF LOSS:** Risk of loss shall be governed by NRS 113.040. This law provides generally that if all or any material part of the Property is destroyed before transfer of legal title or possession, Seller cannot enforce the Agreement and Buyer is entitled to recover any portion of the sale price paid. If legal title or possession has transferred, risk of loss shall shift to Buyer.

16. **ASSIGNMENT OF THIS AGREEMENT:** Unless otherwise stated herein, this Agreement is non-assignable unless agreed upon in writing by all parties.

17. **CANCELLATION OF AGREEMENT:** In the event this Agreement is properly cancelled in accordance with the terms contained herein, then Buyer will be entitled to a refund of the EMD. Neither Buyer nor Seller will be reimbursed for any expenses incurred in conjunction with due diligence, inspections, appraisals or any other matters pertaining to this transaction (unless otherwise provided herein or except as otherwise provided by law).

18. **DEFAULT:**

    A. **MEDIATION:** Before any legal action is taken to enforce any term or condition under this Agreement, the parties agree to engage in mediation, a dispute resolution process, through a mediator mutually agreed upon by the parties. Mediation fees, if any, shall be divided equally among the parties involved. Notwithstanding the foregoing, in the event the Buyer finds it necessary to file a claim for specific performance, this section shall not apply. Each party is encouraged to have an independent lawyer of their choice review this mediation provision before agreeing thereto. By initialing below, the parties confirm that they have read and understand this section and voluntarily agree to the provisions thereof.

    **BUYER(S) INITIALS:** [KS] /[AS]/ ____/____     **SELLER(S) INITIALS:** [initialed] /____/____/____

    B. **IF SELLER DEFAULTS:** If Seller defaults in performance under this Agreement, Buyer reserves all legal and/or equitable rights (such as specific performance) against Seller, and Buyer may seek to recover Buyer's actual damages incurred by Buyer due to Seller's default.

    C. **IF BUYER DEFAULTS: If Buyer defaults in performance under this Agreement,** as Seller's sole legal recourse, Seller may retain, as liquidated damages, the EMD. In this respect, the Parties agree that Seller's actual damages would be difficult to measure and that the EMD is in fact a reasonable estimate of the damages that Seller would suffer as a result of Buyer's default. Seller understands that any additional deposit not considered part of the EMD in Section 1(B) herein will be immediately released by ESCROW HOLDER to Buyer.

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name(s): __Kenneth Searles__   __Anna Searles__   BUYER(S) INITIALS: [KS]/[AS]/____/____

Property Address: __2240 E Calvada BL__   SELLER(S) INITIALS: [initialed]/____/____/____

Rev. 09.21    ©2021 Greater Las Vegas Association of REALTORS®    Page 6 of 11

## Instructions to Escrow

19. **ESCROW:** If this Agreement or any matter relating hereto shall become the subject of any litigation or controversy, Buyer and Seller agree, jointly and severally, to hold ESCROW HOLDER free and harmless from any loss or expense, except losses or expenses as may arise from ESCROW HOLDER'S negligence or willful misconduct. If conflicting demands are made or notices served upon ESCROW HOLDER with respect to this Agreement, the parties expressly agree that Escrow is entitled to file a suit in interpleader and obtain an order from the Court authorizing ESCROW HOLDER to deposit all such documents and monies with the Court and obtain an order from the Court requiring the parties to interplead and litigate their several claims and rights among themselves. Upon the entry of an order authorizing such Interpleader, ESCROW HOLDER shall be fully released and discharged from any obligations imposed upon it by this Agreement; and ESCROW HOLDER shall not be liable for the sufficiency or correctness as to form, manner, execution or validity of any instrument deposited with it, nor as to the identity, authority or rights of any person executing such instrument, nor for failure of Buyer or Seller to comply with any of the provisions of any agreement, contract or other instrument filed with ESCROW HOLDER or referred to herein. ESCROW HOLDER'S duties hereunder shall be limited to the safekeeping of all monies, instruments or other documents received by it as ESCROW HOLDER, and for their disposition in accordance with the terms of this Agreement. In the event an action is instituted in connection with this escrow, in which ESCROW HOLDER is named as a party or is otherwise compelled to make an appearance, all costs, expenses, attorney fees, and judgments ESCROW HOLDER may expend or incur in said action, shall be the responsibility of the parties hereto.

20. **UNCLAIMED FUNDS:** In the event that funds from this transaction remain in an account, held by ESCROW HOLDER, for such a period of time that they are deemed "abandoned" under the provisions of Chapter 120A of the Nevada Revised Statutes, ESCROW HOLDER is hereby authorized to impose a charge upon the dormant escrow account. Said charge shall be no less than $5.00 per month and may not exceed the highest rate of charge permitted by statute or regulation. ESCROW HOLDER is further authorized and directed to deduct the charge from the dormant escrow account for as long as the funds are held by ESCROW HOLDER.

## Brokers

21. **BROKER'S COMPENSATION/FEES:** Buyer herein requires, and Seller agrees, as a condition of this Agreement, that Seller will pay Listing Broker and Buyer's Broker, who becomes by this clause a third-party beneficiary to this Agreement, that certain sum and/or percentage of the Purchase Price (commission), that Seller, or Seller's Broker, offered for the procurement of ready, willing and able Buyer via the Multiple Listing Service, any other advertisement or written offer. Seller understands and agrees that if Seller defaults hereunder, Buyer's Broker, as a third-party beneficiary of this Agreement, has the right to pursue all legal recourse against Seller for any commission due. **In addition to any amount due to Buyer's Broker from Seller or Seller's Broker, Buyer ☐ will –OR– ☒ will not pay Buyer's Broker additional compensation in an amount determined between the Buyer and Buyer's Broker.**

22. **HOLD HARMLESS AND WAIVER OF CLAIMS:** Buyer and Seller agree that they are not relying upon any representations made by Brokers or Broker's agent. Buyer acknowledges that at COE, the Property will be sold AS-IS, WHERE-IS without any representations or warranties, unless expressly stated herein. Buyer agrees to satisfy himself/herself, as to the condition of the Property, prior to COE. Buyer acknowledges that any statements of acreage or square footage by Brokers are simply estimates, and Buyer agrees to make such measurements, as Buyer deems necessary, to ascertain actual acreage or square footage. Buyer waives all claims against Brokers or their agents for (a) defects in the Property; (b) inaccurate estimates of

acreage or square footage; (c) environmental waste or hazards on the Property; (d) the fact that the Property may be in a flood zone; (e) the Property's proximity to freeways, airports or other nuisances; (f) the zoning of the Property; (g) tax consequences; or (h) factors related to Buyer's failure to conduct walk-throughs or inspections. Buyer assumes full responsibility for the foregoing and agrees to conduct such tests, walk-throughs, inspections and research, as Buyer deems necessary. In any event, Broker's liability is limited, under any and all circumstances, to the amount of that Broker's commission/fee received in this transaction.

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name(s): Kenneth Searles    Anna Searles    BUYER(S) INITIALS: KS / AS / /

Property Address: 2240 E Calvada BL    SELLER(S) INITIALS: __ / / /

Rev. 09.21    ©2021 Greater Las Vegas Association of REALTORS®    Page 7 of 11

This form presented by Dennis P Prieto | Compass Realty & Management | 7025861616 | dennisprietolvhomes@gmail.com

## Other Matters

23. **DEFINITIONS:** "**Acceptance**" means the date that both parties have consented to a final, binding contract by affixing their signatures to this Agreement and all counteroffers and said Agreement and all counteroffers have been delivered to both parties pursuant to Section 24 herein. "**Agent**" means a licensee working under a Broker or licensees working under a developer. "**Agreement**" includes this document as well as all accepted counteroffers and addenda. "**Appraisal**" means a written appraisal or Notice of Value as required by any lending institution prepared by a licensed or certified professional. "**Bona Fide**" means genuine. "**Buyer**" means one or more individuals or the entity that intends to purchase the Property. "**Broker**" means the Nevada licensed real estate broker listed herein representing Seller and/or Buyer (and all real estate agents associated therewith). "**Business Day**" excludes Saturdays, Sundays, and legal holidays. "**Calendar Day**" means a calendar day from/to midnight unless otherwise specified. "**CFR**" means the Code of Federal Regulations. "**CIC**" means Common Interest Community (formerly known as "HOA" or homeowners associations). "**CIC Capital Contribution**" means a one-time non-administrative fee, cost or assessment charged by the CIC upon change of ownership. "**CIC Transfer Fees**" means the administrative service fee charged by a CIC to transfer ownership records. "**Close of Escrow (COE)**" means the time of recordation of the deed in Buyer's name. "**Default**" means the failure of a Party to observe or perform any of its material obligations under this Agreement. "**Delivered**" means personally delivered to Parties or respective Agents, transmitted by facsimile machine, electronic means, overnight delivery, or mailed by regular mail. "**Down Payment**" is the Purchase Price less loan amount(s). "**EMD**" means Buyer's earnest money deposit. "**Escrow Holder**" means the neutral party that will handle the closing. "**FHA**" is the U.S. Federal Housing Administration. "**GLVAR**" means the Greater Las Vegas Association of REALTORS®. "**Good Funds**" means an acceptable form of payment determined by ESCROW HOLDER in accordance with NRS 645A.171. "**IRC**" means the Internal Revenue Code (tax code). "**LID**" means Limited Improvement District. "**N/A**" means not applicable. "**NAC**" means Nevada Administrative Code. "**NRS**" means Nevada Revised Statues as Amended. "**Party**" or "**Parties**" means Buyer and Seller. "**PITI**" means principal, interest, taxes, and hazard insurance. "**PMI**" means private mortgage insurance. "**PST**" means Pacific Standard Time and includes daylight savings time if in effect on the date specified. "**PTR**" means Preliminary Title Report. "**Property**" means the real property and any personal property included in the sale as provided herein. "**Receipt**" means delivery to the party or the party's agent. "**RPA**" means Residential Purchase Agreement. "**Seller**" means one or more individuals or the entity that is the owner of the Property. "**SID**" means Special Improvement District. "**Title Company**" means the company that will provide title insurance. "**USC**" is the United States Code. "**VA**" is the Veterans Administration.

24. **SIGNATURES, DELIVERY, AND NOTICES:**

    A.  This Agreement may be signed by the parties on more than one copy, which, when taken together, each signed copy shall be read as one complete form. This Agreement (and documents related to any resulting transaction) may be signed by the parties manually or digitally. Facsimile signatures may be accepted as original.

    B.  When a Party wishes to provide notice as required in this Agreement, such notice shall be sent regular mail, personal delivery, overnight delivery, by facsimile, and/or by electronic transmission to the Agent for that Party. The notification shall be effective when postmarked, received, faxed, delivery confirmed, and/or read receipt confirmed in the case of email. Delivery of all instruments or documents associated with this Agreement shall be delivered to the Agent for Seller or Buyer if represented. Any cancellation notice shall be contemporaneously delivered to Escrow in the same manner.

25. **IRC 1031 EXCHANGE:** Seller and/or Buyer may make this transaction part of an IRC 1031 exchange. The party electing to make this transaction part of an IRC 1031 exchange will pay all additional expenses associated therewith, at no cost to the other party. The other party agrees to execute any and all documents necessary to effectuate such an exchange

26. **HUD/VA/FHA ESCAPE CLAUSE:** "It is expressly agreed that, notwithstanding any other provisions of this contract, the purchaser shall not be obligated to complete the purchase of the property described herein or incur any penalty by forfeiture of earnest money or otherwise unless the purchaser has been given, in accordance with HUD/FHA or VA requirements, a written statement issued by the Federal Housing Commissioner, Department of Veterans Affairs, or a Direct Endorsement Lender setting forth the appraised value of the property of not less that the agreed upon contract purchase price. The purchaser shall, however, have the privilege and option of proceeding with the consummation of this contract without regard to the amount of the appraised valuation. The appraised valuation is arrived at to determine the maximum mortgage the Department of Housing and Urban Development will insure or percent the Department of Veterans Affairs will guarantee.

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name(s): Kenneth Searles    Anna Searles    BUYER(S) INITIALS: KS / AS / /

Property Address: 2240 E Calvada BL    SELLER(S) INITIALS: ___ / / /

Rev. 09.21    ©2021 Greater Las Vegas Association of REALTORS®    Page 8 of 11

This form presented by Dennis P Prieto | Compass Realty & Management | 7025861616 | dennisprietolvhomes@gmail.com



HUD/FHA or VA does not warrant the value or condition of the property. The purchaser should satisfy himself/herself that the price and condition of the property are acceptable.

27. **OTHER ESSENTIAL TERMS:** Time is of the essence. No change, modification or amendment of this Agreement shall be valid or binding unless such change, modification or amendment shall be in writing and signed by each party. This Agreement will be binding upon the heirs, beneficiaries and devisees of the parties hereto. This Agreement is executed and intended to be performed in the State of Nevada, and the laws of that state shall govern its interpretation and effect. The parties agree that the county and state in which the Property is located is the appropriate forum for any action relating to this Agreement. Should any party hereto retain counsel for the purpose of initiating litigation to enforce or prevent the breach of any provision hereof, or for any other judicial remedy, then the prevailing party shall be entitled to be reimbursed by the losing party for all costs and expenses incurred thereby, including, but not limited to, reasonable attorney's fees and costs incurred by such prevailing party.

**THIS IS A LEGALLY BINDING CONTRACT. All parties are advised to seek independent legal and tax advice to review the terms of this Agreement.**

THIS FORM HAS BEEN APPROVED BY THE GREATER LAS VEGAS ASSOCIATION OF REALTORS® (GLVAR). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

28. **ADDENDUM(S) ATTACHED:**

29. **ADDITIONAL TERMS:**

Buyer's are aware of the property being zoned general commercial.

Seller to remove all personal property before the close of escrow.

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name(s): Kenneth Searles    Anna Searles    BUYER(S) INITIALS: KS / AS / /

Property Address: 2240 E Calvada BL    SELLER(S) INITIALS: ___ / / /

Rev. 09.21    ©2021 Greater Las Vegas Association of REALTORS®    Page 9 of 11

This form presented by Dennis P Prieto | Compass Realty & Management | 7025861616 | dennisprietolvhomes@gmail.com

Authentisign ID: B4FFA4E1-E0EC-EC11-B656-501AC56BE253

## Buyer's Acknowledgement of Offer

**Confirmation of Representation:** The Buyer is represented in this transaction by:

Buyer's Broker: Takumba Britt  
Company Name: Compass Realty & Management  
Broker's License Number: B144370  
Phone: 7025861616  
Fax: 702-586-1166  

Agent's Name: Dennis P Prieto  
Agent's License Number: 176525  
Office Address: 8880 W Sunset Rd #290  
City, State, Zip: Las Vegas NV 89148  
Email: dennisprietolvhomes@gmail.com  

**BUYER LICENSEE DISCLOSURE OF INTEREST:** Pursuant to NRS 645.252(1)(c), a real estate licensee must disclose if he/she is a principal in a transaction or has an interest in a principal to the transaction. Licensee declares that he/she: [X] DOES NOT have an interest in a principal to the transaction. –OR– [ ] DOES have the following interest, direct or indirect, in this transaction: [ ] Principal (Buyer) –OR– [ ] family or firm relationship with Buyer or ownership interest in Buyer (if Buyer is an entity): (specify relationship) _____

Seller must respond by: 5:00 [ ] AM [X] PM) on (month) June , (day) 18th , (year) 2022 . Unless this Agreement is accepted, rejected or countered below and delivered to the Buyer's Broker before the above date and time, this offer shall lapse and be of no further force and effect. Upon Acceptance, Buyer agrees to be bound by each provision of this Agreement, and all signed addenda, disclosures, and attachments.

| Buyer's Signature | Buyer's Printed Name | Date | Time | |
|---|---|---|---|---|
| *Kenneth Searles* | Kenneth Searles | 06/15/2022 | 12:32 | AM PM |
| *Anna Searles* | Anna Searles | 06/15/2022 | 12:38 | AM PM |
| | | | : | AM PM |
| | | | : | AM PM |

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name(s): Kenneth Searles   Anna Searles   BUYER(S) INITIALS: [KS] / [AS] / ___ / ___

Property Address: 2240 E Calvada BL   SELLER(S) INITIALS: ___ / ___ / ___ / ___

Rev. 09.21    ©2021 Greater Las Vegas Association of REALTORS®    Page 10 of 11

This form presented by Dennis P Prieto | Compass Realty & Management | 7025861616 | dennisprietolvhomes@gmail.com

TRANSACTIONS TransactionDesk Edition

## Seller's Response

**Confirmation of Representation:** The Seller is represented in this transaction by:

Seller's Broker: Catherine Slaughterback          Agent's Name: Catherine Slaughterback
Company Name: All Star Real Estate               Agent's License Number: B.0032667
Broker's License Number: B.0032667               Office Address: 3240 Kaibab St
Phone: 775-727-1354                              City, State, Zip: Pahrump
Fax: NONE                                        Email: cathyslaughterback@gmail.com

**SELLER LICENSEE DISCLOSURE OF INTEREST:** Pursuant to NRS 645.252(1)(c), a real estate licensee must disclose if he/she is a principal in a transaction or has an interest in a principal to the transaction. Licensee declares that he/she:

☒ **DOES NOT** have an interest in a principal to the transaction. –OR– ☐ **DOES** have the following interest, direct or indirect, in this transaction: ☐ Principal (Seller) –OR– ☐ family or firm relationship with Seller or ownership interest in Seller (if Seller is an entity): (specify relationship) _____.

☐ **FIRPTA:** If applicable (as designated in the Seller's Response herein), Seller agrees to complete, sign, and deliver to Buyer's FIRPTA Designee a certificate indicating whether Seller is a foreign person or a nonresident alien pursuant to the Foreign Investment in Real Property Tax Act (FIRPTA). A foreign person is a nonresident alien individual; a foreign corporation not treated as a domestic corporation; or a foreign partnership, trust or estate.  A resident alien is not considered a foreign person under FIRPTA. Additional information for determining status may be found at www.irs.gov. Buyer and Seller understand that if Seller is a foreign person then the Buyer must withhold a tax in an amount to be determined by Buyer's FIRPTA Designee in accordance with FIRPTA, unless an exemption applies. Seller agrees to sign and deliver to the Buyer's FIRPTA Designee the necessary documents, to be provided by the Buyer's FIRPTA Designee, to determine if withholding is required. (See 26 USC Section 1445).

SELLER DECLARES that he/she ☒ **is not** –OR– ☐ is a foreign person therefore subjecting this transaction to FIRPTA withholding. **SELLER(S) INITIALS:** ___/___/___/___

☒ **ACCEPTANCE:** Seller(s) acknowledges that he/she accepts and agrees to be bound by each provision of this Agreement, and all signed addenda, disclosures, and attachments.

☐ **COUNTER OFFER:** Seller accepts the terms of this Agreement subject to the attached Counter Offer #1.

☐ **REJECTION:** In accordance with NAC 645.632, Seller hereby informs Buyer the offer presented herein **is not** accepted.

| Seller's Signature | Seller's Printed Name | Date | Time | |
|---|---|---|---|---|
| [signature] | LILLIAN DONAHUE | 6/15/22 | 3:30 | PM |
| | | | : | AM PM |
| | | | : | AM PM |
| | | | : | AM PM |

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name(s): Kenneth Searles    Anna Searles        BUYER(S) INITIALS: KS / AS / ___ / ___
Property Address: 2240 E Calvada BL                     SELLER(S) INITIALS: ___ / ___ / ___
Rev. 09.21                    ©2021 Greater Las Vegas Association of REALTORS®              Page 11 of 11

This form presented by Dennis P Prieto | Compass Realty & Management | 7025861616 | dennisprietolvhomes@gmail.com

TRANSACTIONS TransactionDesk Edition



## SELLER'S REAL PROPERTY DISCLOSURE FORM

In accordance with Nevada Law, a seller of residential real property in Nevada must disclose any and all known conditions and aspects of the property which materially affect the value or use of residential property in an adverse manner *(see NRS 113.130 and 113.140)*.

Date: **05-25-22**  Do you currently occupy or have you ever occupied this property? ☒ YES ☐ NO

Property Address: **2240 E Calvada Blvd**   **Pahrump**   **NV**   **89048**

A seller's agent shall not complete a disclosure form regarding the residential property on behalf of the seller. *(NRS 113.130(2))*

*A seller that requires an ADA compliant version of this document can contact Nevada ADA Assistance for their request:* NV ADA Assistance

A purchaser may not waive the requirement to provide this form and a seller may not require a purchaser to waive this form. *(NRS 113.130(3))*

Type of Seller: ☐ Bank (financial institution); ☐ Asset Management Company; ☐ Owner-occupier; ☒ Other: _____

**Purpose of Statement:** (1) This statement is a disclosure of the condition of the property in compliance with the Seller Real Property Disclosure Act, effective January 1, 1996. (2) This statement is a disclosure of the condition and information concerning the property known by the Seller which materially affects the value of the property. Unless otherwise advised, the Seller does not possess any expertise in construction, architecture, engineering or any other specific area related to the construction or condition of the improvements on the property or the land. Also, unless otherwise advised, the Seller has not conducted any inspection of generally inaccessible areas such as the foundation or roof. This statement is not a warranty of any kind by the Seller or by any Agent representing the Seller in this transaction and is not a substitute for any inspections or warranties the Buyer may wish to obtain. Systems and appliances addressed on this form by the seller are not part of the contractual agreement as to the inclusion of any system or appliance as part of the binding agreement.

**Instructions to the Seller:** (1) ANSWER ALL QUESTIONS. (2) REPORT KNOWN CONDITIONS AFFECTING THE PROPERTY. (3) ATTACH ADDITIONAL PAGES WITH YOUR SIGNATURE IF ADDITIONAL SPACE IS REQUIRED. (4) COMPLETE THIS FORM YOURSELF. (5) IF SOME ITEMS DO NOT APPLY TO YOUR PROPERTY, CHECK N/A (NOT APPLICABLE). EFFECTIVE JANUARY 1, 1996, FAILURE TO PROVIDE A PURCHASER WITH A SIGNED DISCLOSURE STATEMENT WILL ENABLE THE PURCHASER TO TERMINATE AN OTHERWISE BINDING PURCHASE AGREEMENT AND SEEK OTHER REMEDIES AS PROVIDED BY THE LAW *(see NRS 113.150)*.

**Systems / Appliances:** Are you aware of any problems and/or defects with any of the following:

| | YES | NO | N/A | | YES | NO | N/A |
|---|---|---|---|---|---|---|---|
| Electrical System | ☐ | ☒ | ☐ | Shower(s) | ☐ | ☐ | ☒ |
| Plumbing | ☐ | ☒ | ☐ | Sink(s) | ☐ | ☒ | ☐ |
| Sewer System & line | ☐ | ☒ | ☐ | Sauna/hot tub(s) | ☐ | ☐ | ☒ |
| Septic tank & leach field | ☐ | ☒ | ☐ | Built-in microwave | ☐ | ☐ | ☒ |
| Well & pump | ☐ | ☒ | ☒ | Range/oven/hood-fan | ☐ | ☐ | ☒ |
| Yard sprinkler system(s) | ☐ | ☒ | ☐ | Dishwasher | ☐ | ☐ | ☒ |
| Fountain(s) | ☐ | ☐ | ☒ | Garbage disposal | ☐ | ☐ | ☒ |
| Heating system | ☒ | ☐ | ☐ | Trash compactor | ☐ | ☐ | ☒ |
| Cooling system | ☒ | ☐ | ☐ | Central Vacuum | ☐ | ☐ | ☒ |
| Solar heating system | ☐ | ☐ | ☒ | Alarm system | ☐ | ☐ | ☒ |
| Fireplace & chimney | ☐ | ☐ | ☒ |   Owned ... ☐ Leased ... ☐ | | | |
| Wood burning system | ☐ | ☐ | ☒ | Smoke Detector | ☐ | ☒ | ☐ |
| Garage door opener | ☐ | ☒ | ☐ | Intercom | ☐ | ☐ | ☒ |
| Water treatment system(s) | ☐ | ☐ | ☒ | Data Communication line(s) | ☐ | ☐ | ☒ |
|   Owned ... ☐ Leased ... ☐ | | | | Satellite dish(es) | ☐ | ☐ | ☒ |
| Water heater | ☐ | ☒ | ☐ |   Owned ... ☐ Leased ... ☐ | | | |
| Toilet(s) | ☐ | ☒ | ☐ | Other: _____ | ☐ | ☐ | ☐ |
| Bathtub(s) | ☐ | ☐ | ☒ | | | | |

**EXPLANATIONS:** Any "Yes" must be fully explained on page 3 of this form.

_____ / _____          _____ / _____
    Seller(s) Initials                                       Buyer(s) Initials

Nevada Real Estate Division           Page 1 of 5           Seller Real Property Disclosure Form 547
Replaces all previous versions                              Revised 11/9/2021

This form presented by Catherine M Slaughterback | All Star Real Estate | 7757278884 | cathyslaughterback@gmail.com    TRANSACTIONS TransactionDesk Edition

**Property Conditions, improvements, and additional information:**  YES  NO  N/A
Are you aware of any of the following?:

1. **Structure:**
   (a) Previous or current moisture conditions and/or water damage? — ☐ ☒ ☐
   (b) Any structural defect? — ☐ ☒ ☐
   (c) Any construction, modification, alterations, or repairs made without required state, city or county building permits? — ☐ ☒ ☐
   (d) Whether the property is or has been the subject of a claim governed by NRS 40.600 to 40.695 (construction defect claims)? — ☐ ☒ ☐
   (If seller answers yes, FURTHER DISCLOSURE IS REQUIRED)

2. **Land / Foundation:**
   (a) Any of the improvements being located on unstable or expansive soil? — ☐ ☒ ☐
   (b) Any foundation sliding, settling, movement, upheaval, or earth stability problems that have occurred on the property? — ☐ ☒ ☐
   (c) Any drainage, flooding, water seepage, or high-water table? — ☐ ☒ ☐
   (d) The property being located in a designated flood plain? ...A.O. — ☒ ☐ ☐
   (e) Whether the property is located next to or near any known future development? — ☐ ☐ ☒
   (f) Any encroachments, easements, zoning violations or nonconforming uses? — ☐ ☐ ☒
   (g) Is the property adjacent to "open range" land? — ☐ ☐ ☒
   (If seller answers yes, FURTHER DISCLOSURE IS REQUIRED under NRS 113.065)

3. **Roof:** Any problem with the roof? — ☐ ☐ ☒
4. **Pool / Spa:** Any problems with structure, wall, liner, or equipment — ☐ ☐ ☒
5. **Infestation:** Any history of infestation (termites, carpenter ants, etc.)? — ☐ ☐ ☒
6. **Environmental:**
   (a) Any substances, materials, or products which may be an environmental hazard such as but not limited to, asbestos, radon gas, urea formaldehyde, fuel or chemical storage tanks, contaminated water or soil on the property? — ☐ ☐ ☒
   (b) Has property been the site of a crime involving the previous manufacture of Methamphetamine where the substances have not been removed from or remediated on the Property by a certified entity or has not been deemed safe for habitation by the Board of Heath? — ☐ ☐ ☒

7. **Fungi / Mold:** Any previous or current fungus or mold? — ☐ ☐ ☒
8. Any features of the property shared in common with adjoining landowners such as walls, fences, road, driveways or other features whose use or responsibility for maintenance may have an effect on the property? — ☐ ☐ ☒
9. **Common Interest Communities:** Any "common areas" (facilities like pools, tennis courts, walkways or other areas co-owned with others) or a homeowner association which has any authority over the property? — ☐ ☐ ☒
   (a) Common Interest Community Declaration and Bylaws available? — ☐ ☐ ☒
   (b) Any periodic or recurring association fees? — ☐ ☐ ☒
   (c) Any unpaid assessments, fines or liens, and any warnings or notices that may give rise to an assessment, fine or lien? — ☐ ☐ ☒
   (d) Any litigation, arbitration, or mediation related to property or common area? — ☐ ☐ ☒
   (e) Any assessments associated with the property (excluding property taxes)? — ☐ ☐ ☒
   (f) Any construction, modification, alterations, or repairs made without required approval from the appropriate Common Interest Community board or committee? — ☐ ☐ ☒

10. Any problems with water quality or water supply? — ☐ ☐ ☒
11. <u>Any other conditions</u> or aspects of the property which materially affect its value or use in an adverse manner? — ☐ ☐ ☒
12. **Lead-Based Paint:** Was the property constructed on or before 12/31/77? — ☐ ☒ ☐
    (If yes, additional Federal EPA notification and disclosure documents are required)
13. **Water source:** Municipal ☒  Community Well ☐  Domestic Well ☐  Other ☐
    If Community Well: State Engineer Well Permit Number: _____
    Revocable ☐  Permanent ☐  Cancelled ☐
14. **Conservation Easements** such as the SNWA's Water Smart Landscape Program: Is the property a participant? — ☐ ☒ ☐
15. **Solar Panels:** Are any installed on the property? — ☐ ☒ ☐
    If yes, are the solar panels: Owned ☐  Leased ☐  or Financed ☐
16. **Wastewater Disposal:** Municipal Sewer ☒  Septic System ☐  Other ☐
17. This property is subject to a Private Transfer Fee Obligation? — ☐ ☒ ☐

EXPLANATIONS: Any "Yes" must be fully explained on page 3 of this form.

_____    _____
Seller(s) Initials                Buyer(s) Initials

Nevada Real Estate Division         Page 2 of 5         Seller Real Property Disclosure Form 547
Replaces all previous versions                          Revised 11/9/2021

This form presented by Catherine M Slaughterback | All Star Real Estate | 7757278884 | cathyslaughterback@gmail.com


TRANSACTIONS
TransactionDesk Edition

**EXPLANATIONS:** Any "Yes" to questions on page 1 and 2 must be fully explained here. Attach additional pages if needed.

> HEATING & COOLING SYSTEM MAY NEED REPAIRS?
>
> THE PROPERTY IS IN THE AO FLOOD ZONE

Seller(s) Initials _____   Buyer(s) Initials _____

Nevada Real Estate Division
Replaces all previous versions

Page 3 of 5

Seller Real Property Disclosure Form 547
Revised 11/9/2021

This form presented by Catherine M Slaughterback | All Star Real Estate | 7757278884 | cathyslaughterback@gmail.com    TRANSACTIONS TransactionDesk Edition

Buyers and sellers of residential property are advised to seek the advice of an attorney concerning their rights and obligations as set forth in Chapter 113 of the Nevada Revised Statutes regarding the seller's obligation to execute the Nevada Real Estate Division's approved "Seller's Real Property Disclosure Form". For your convenience, Chapter 113 of the Nevada Revised Statutes provides as follows:

### CONDITION OF RESIDENTIAL PROPERTY OFFERED FOR SALE

**NRS 113.100 Definitions.** As used in NRS 113.100 to 113.150, inclusive, unless the context otherwise requires:
1. "Defect" means a condition that materially affects the value or use of residential property in an adverse manner.
2. "Disclosure form" means a form that complies with the regulations adopted pursuant to NRS 113.120.
3. "Dwelling unit" means any building, structure or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one person who maintains a household or by two or more persons who maintain a common household.
4. "Residential property" means any land in this state to which is affixed not less than one nor more than four dwelling units.
5. "Seller" means a person who sells or intends to sell any residential property.
(Added to NRS by 1995, 842; A 1999, 1446)

**NRS 113.110 Conditions required for "conveyance of property" and to complete service of document.** For the purposes of NRS 113.100 to 113.150, inclusive:
1. A "conveyance of property" occurs:
(a) Upon the closure of any escrow opened for the conveyance; or
(b) If an escrow has not been opened for the conveyance, when the purchaser of the property receives the deed of conveyance.
2. Service of a document is complete:
(a) Upon personal delivery of the document to the person being served; or
(b) Three days after the document is mailed, postage prepaid, to the person being served at his last known address.
(Added to NRS by 1995, 844)

**NRS 113.120 Regulations prescribing format and contents of form for disclosing condition of property.** The Real Estate Division of the Department of Business and Industry shall adopt regulations prescribing the format and contents of a form for disclosing the condition of residential property offered for sale. The regulations must ensure that the form:
1. Provides for an evaluation of the condition of any electrical, heating, cooling, plumbing and sewer systems on the property, and of the condition of any other aspects of the property which affect its use or value, and allows the seller of the property to indicate whether or not each of those systems and other aspects of the property has a defect of which the seller is aware.
2. Provides notice:
(a) Of the provisions of NRS 113.140 and subsection 5 of NRS 113.150.
(b) That the disclosures set forth in the form are made by the seller and not by his agent.
(c) That the seller's agent, and the agent of the purchaser or potential purchaser of the residential property, may reveal the completed form and its contents to any purchaser or potential purchaser of the residential property.
(Added to NRS by 1995, 842)

**NRS 113.130 Completion and service of disclosure form before conveyance of property; discovery or worsening of defect after service of form; exceptions; waiver.**
1. Except as otherwise provided in subsection 2:
(a) At least 10 days before residential property is conveyed to a purchaser:
(1) The seller shall complete a disclosure form regarding the residential property; and
(2) The seller or the seller's agent shall serve the purchaser or the purchaser's agent with the completed disclosure form.
↪ A seller's agent shall not complete a disclosure form regarding the residential property on behalf of the seller.
(b) If, after service of the completed disclosure form but before conveyance of the property to the purchaser, a seller or the seller's agent discovers a new defect in the residential property that was not identified on the completed disclosure form or discovers that a defect identified on the completed disclosure form has become worse than was indicated on the form, the seller or the seller's agent shall inform the purchaser or the purchaser's agent of that fact, in writing, as soon as practicable after the discovery of that fact but in no event later than the conveyance of the property to the purchaser. If the seller does not agree to repair or replace the defect, the purchaser may:
(1) Rescind the agreement to purchase the property; or
(2) Close escrow and accept the property with the defect as revealed by the seller or the seller's agent without further recourse.
(c) A seller's agent is not liable to the purchaser for damages if:
(1) The seller is aware of a defect and fails to disclose the defect to the purchaser on the disclosure form as required pursuant to paragraph (a); or
(2) After service of the completed disclosure form but before conveyance of the property to the purchaser, the seller discovers a new defect in the residential property that was not identified on the completed disclosure form or discovers that a defect identified on the completed disclosure form has become worse than was indicated on the form and fails to inform the purchaser or the purchaser's agent of that fact as required pursuant to paragraph (b).
↪ The provisions of this paragraph do not affect, and must not be construed to affect, the obligation of a seller's agent to comply with the provisions of paragraph (a) of subsection 1 of NRS 645.252.
2. Subsection 1 does not apply to a sale or intended sale of residential property:
(a) By foreclosure pursuant to chapter 107 of NRS.
(b) Between any co-owners of the property, spouses or persons related within the third degree of consanguinity.
(c) Which is the first sale of a residence that was constructed by a licensed contractor.
(d) By a person who takes temporary possession or control of or title to the property solely to facilitate the sale of the property on behalf of a person who relocates to another county, state or country before title to the property is transferred to a purchaser.
(e) By a fiduciary under title 12 or 13 of NRS, including, without limitation, a personal representative, guardian, trustee or person acting under a power of attorney, who takes temporary possession or control of or title to the property solely to facilitate the sale of the property on behalf of a person who is deceased or incapacitated.
3. A purchaser of residential property may not waive any of the requirements of subsection 1. A seller of residential property may not require a purchaser to waive any of the requirements of subsection 1 as a condition of sale or for any other purpose.
4. If a sale or intended sale of residential property is exempted from the requirements of subsection 1 pursuant to paragraph (a) of subsection 2, the trustee and the beneficiary of the deed of trust shall, not later than at the time of the conveyance of the property to the purchaser of the residential property, or upon the request of the purchaser of the residential property, provide:
(a) Written notice to the purchaser of any defects in the property of which the trustee or beneficiary, respectively, is aware; and
(b) If any defects are repaired or replaced or attempted to be repaired or replaced, the contact information of any asset management company who provided asset management services for the property. The asset management company shall provide a service report to the purchaser upon request.
5. As used in this section:
(a) "Seller" includes, without limitation, a client as defined in NRS 645H.060.
(b) "Service report" has the meaning ascribed to it in NRS 645H.150.
(Added to NRS by 1995, 842; A 1997, 349; 2003, 1339; 2005, 598; 2011, 2832)

_____
Seller(s) Initials         Buyer(s) Initials

Nevada Real Estate Division                    Page 4 of 5                    Seller Real Property Disclosure Form 547
Replaces all previous versions                                                                Revised 11/9/2021

This form presented by Catherine M Slaughterback | All Star Real Estate | 7757278884 | cathyslaughterback@gmail.com            TRANSACTIONS
TransactionDesk Edition

NRS 113.135  Certain sellers to provide copies of certain provisions of NRS and give notice of certain soil reports; initial purchaser entitled to rescind sales agreement in certain circumstances; waiver of right to rescind.
  1. Upon signing a sales agreement with the initial purchaser of residential property that was not occupied by the purchaser for more than 120 days after substantial completion of the construction of the residential property, the seller shall:
    (a) Provide to the initial purchaser a copy of NRS 11.202 to 11.206, inclusive, and 40.600 to 40.695, inclusive;
    (b) Notify the initial purchaser of any soil report prepared for the residential property or for the subdivision in which the residential property is located; and
    (c) If requested in writing by the initial purchaser not later than 5 days after signing the sales agreement, provide to the purchaser without cost each report described in paragraph (b) not later than 5 days after the seller receives the written request.
  2. Not later than 20 days after receipt of all reports pursuant to paragraph (c) of subsection 1, the initial purchaser may rescind the sales agreement.
  3. The initial purchaser may waive his right to rescind the sales agreement pursuant to subsection 2. Such a waiver is effective only if it is made in a written document that is signed by the purchaser.
  (Added to NRS by 1999, 1446)

NRS 113.140  Disclosure of unknown defect not required; form does not constitute warranty; duty of buyer and prospective buyer to exercise reasonable care.
  1. NRS 113.130 does not require a seller to disclose a defect in residential property of which he is not aware.
  2. A completed disclosure form does not constitute an express or implied warranty regarding any condition of residential property.
  3. Neither this chapter nor chapter 645 of NRS relieves a buyer or prospective buyer of the duty to exercise reasonable care to protect himself.
  (Added to NRS by 1995, 843; A 2001, 2896)

NRS 113.150  Remedies for seller's delayed disclosure or nondisclosure of defects in property; waiver.
  1. If a seller or the seller's agent fails to serve a completed disclosure form in accordance with the requirements of NRS 113.130, the purchaser may, at any time before the conveyance of the property to the purchaser, rescind the agreement to purchase the property without any penalties.
  2. If, before the conveyance of the property to the purchaser, a seller or the seller's agent informs the purchaser or the purchaser's agent, through the disclosure form or another written notice, of a defect in the property of which the cost of repair or replacement was not limited by provisions in the agreement to purchase the property, the purchaser may:
    (a) Rescind the agreement to purchase the property at any time before the conveyance of the property to the purchaser; or
    (b) Close escrow and accept the property with the defect as revealed by the seller or the seller's agent without further recourse.
  3. Rescission of an agreement pursuant to subsection 2 is effective only if made in writing, notarized and served not later than 4 working days after the date on which the purchaser is informed of the defect:
    (a) On the holder of any escrow opened for the conveyance; or
    (b) If an escrow has not been opened for the conveyance, on the seller or the seller's agent.
  4. Except as otherwise provided in subsection 5, if a seller conveys residential property to a purchaser without complying with the requirements of NRS 113.130 or otherwise providing the purchaser or the purchaser's agent with written notice of all defects in the property of which the seller is aware, and there is a defect in the property of which the seller was aware before the property was conveyed to the purchaser and of which the cost of repair or replacement was not limited by provisions in the agreement to purchase the property, the purchaser is entitled to recover from the seller treble the amount necessary to repair or replace the defective part of the property, together with court costs and reasonable attorney's fees. An action to enforce the provisions of this subsection must be commenced not later than 1 year after the purchaser discovers or reasonably should have discovered the defect or 2 years after the conveyance of the property to the purchaser, whichever occurs later.
  5. A purchaser may not recover damages from a seller pursuant to subsection 4 on the basis of an error or omission in the disclosure form that was caused by the seller's reliance upon information provided to the seller by:
    (a) An officer or employee of this State or any political subdivision of this State in the ordinary course of his or her duties; or
    (b) A contractor, engineer, land surveyor, certified inspector as defined in NRS 645D.040 or pesticide applicator, who was authorized to practice that profession in this State at the time the information was provided.
  6. A purchaser of residential property may waive any of his or her rights under this section. Any such waiver is effective only if it is made in a written document that is signed by the purchaser and notarized.
  (Added to NRS by 1995, 843; A 1997, 350, 1797)

The above information provided on pages one (1), two (2) and three (3) of this disclosure form is true and correct to the best of seller's knowledge as of the date set forth on page one (1). **SELLER HAS DUTY TO DISCLOSE TO BUYER AS NEW DEFECTS ARE DISCOVERED AND/OR KNOWN DEFECTS BECOME WORSE** *(See NRS 113.130(1)(b)).*

Seller(s): _____/s/ Lillian Donohue_____    Date: 6-8-2022
                        Lillian Donohue
Seller(s): _____    Date: _____

**BUYER MAY WISH TO OBTAIN PROFESSIONAL ADVICE AND INSPECTIONS OF THE PROPERTY TO MORE FULLY DETERMINE THE CONDITION OF THE PROPERTY AND ITS ENVIRONMENTAL STATUS.** Buyer(s) has/have read and acknowledge(s) receipt of a copy of this Seller's Real Property Disclosure Form and copy of NRS Chapter 113.100-150, inclusive, attached hereto as pages four (4) and five (5).

Buyer(s): _____    Date: _____

Buyer(s): _____    Date: _____

Nevada Real Estate Division                Page 5 of 5                Seller Real Property Disclosure Form 547
Replaces all previous versions                                        Revised 11/9/2021

This form presented by Catherine M Slaughterback | All Star Real Estate | 7757278884 | cathyslaughterback@gmail.com         TRANSACTIONS
                                                                                                                                        TransactionDesk Edition