CHRISTOPHER P. BURKE, ESQ.                    **ECF Filed on 6/22/22**
Nevada Bar No.:  004093
*atty@cburke.lvcoxmail.com*
218 S. Maryland Pkwy.
Las Vegas, Nevada 89101
(702) 385-7987
Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In Re:                                              Case No.: 22-11027-ABL
                                                    Chapter 13
LILLIAN JO SONDGEROTH DONOHUE,


                              Debtor.               Date:  August 3, 2022
                                                    Time: 9:30 a.m.

## MOTION FOR CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY UNDER §362(a) AND DAMAGES AGAINST CREDITOR, THE WARDLOW SURVIVOR'S TRUST

Debtor, Lillian Jo Sondgeroth Donohue ("Debtor" or "Donohue"), files this Motion for Contempt for Violation of the Automatic Stay Under 11 U.S.C. §362(a) and for Damages against Creditor, The Wardlow Survivor's Trust Dated December 27, 2012 ("Wardlow Trust").

### I
### Overview

The Ninth Circuit is clear, recording loan documents against property of the estate post-petitions violates the automatic stay and are void. Here, the Wardlow Trust recorded loan modification extension documents at the Nye County Recorders Office against Donohue's commercial property post-petition. Therefore, hasn't the Wardlow Trust violated the automatic stay and rendered its post-petition recorded documents void?

1

## II
## Facts

The Wardlow Survivor's Trust ("Wardlow") holds a disputed note and deed of trust on the 2240 East Calvada Blvd., Pahrump, Nevada 89048 ('2240 East Calvada Blvd.,) property (Dkt.#41, p.15). The note was executed in 2006, as was the deed of trust.

Under the terms of the note, all amounts came due and payable on January 9, 2009. Over the years, the parties signed four modification agreements, extending the maturity date. None of these modification agreements were recorded in the Nye County Recorder's office until *after* the bankruptcy had been filed. Specifically, Wardlow recorded three of the four modification agreements post-petition on June 7, 2022 (Dkt.#60, p.7, ln.5-16). They filed the fourth and final extension on June 21, 2022 (Ex. 'A').

Donohue filed her Chapter 13 bankruptcy on March 24, 2022. Donohue listed The Wardlow Trust, as a disputed lien holder on her commercial property located at 2240 East Calvada Blvd., Pahrump, Nevada 89048. Donohue values the property at between $540,000 and $600,000 with the Wardlow Trust arguably owed approximately $360,000 (Dkt.#41, Amended Schdl 'A' and 'D').

## III
## Argument
## A
## The automatic stay is critical in bankruptcy

The automatic stay under Section 362(a) generally arises as soon as a bankruptcy petition is filed.[1] Congress has stated:

---

1. Notable exceptions exist when an individual debtor has had two or more bankruptcy cases dismissed within the previous year, see 11 U.S.C. § 362(c)(4), and where in rem relief from stay has been ordered in a prior bankruptcy encompassing the same real property. See 11 U.S.C. § 362(d)(4). Neither exception applies in the Debtors' case.

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his [or her] creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 (1978), *reprinted in* 1978 U.S.Code.Cong. & Admin.News 5787, 5963, 6296-97, *quoted in In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992). See also 3 COLLIER ON BANKRUPTCY, ¶362.03 (Richard Levin and Henry J. Sommer, eds., 16th ed. 2019) ("The stay provides the debtor with relief from the pressure and harassment of creditors seeking to collect their claims. It protects property that may be necessary for the debtor's fresh start and, in terms of a debtor in a chapter 11, 12 or 13 case, provides breathing space to permit the debtor to focus on rehabilitation or reorganization.").

The stay protects "property of the estate." The filing of a bankruptcy case creates a bankruptcy estate consisting of "all legal and equitable interests of the debtor in property" and "[p]roceeds, product, offspring, rents, or profits of or from property of the estate." 11 U.S.C. §541(a)(1) and (6). As Congress has stated, "[t]he scope of this paragraph is broad. It includes all kinds of property, including tangible or intangible property, causes of action, and all other forms of property currently specified . . ." H.R. Rep. No. 595, 95th Cong., 1st Sess., 367 (1997), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6323; S. Rep. No. 989, 95th Cong., 2nd Sess., 82 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5868.

The Ninth Circuit has held that the automatic stay is a critical protection and is quite broad in scope:

> The stay ensures that all claims against the debtor will be brought in a

3

single forum, the bankruptcy court. The stay protects the debtor by allowing it breathing space and also protects creditors as a class from the possibility that one creditor will obtain payment on its claims to the detriment of all others.

*Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n*, 997 F.2d 581, 585 (9th Cir.1993); *see also In re Computer Communications, Inc.*, 824 F.2d 725, 731 (9th Cir.1987) ("Congress designed [§ 362] to protect debtors and creditors from piecemeal dismemberment of the debtor's estate."). And the Seventh Circuit has noted, "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of [section] 541." *In re Carousel Int'l Corp.,* 89 F.3d 359, 362 (7th Cir. 1996). The post-petition recording of the modification extension agreements by Wardlow Trust falls within this broad scope.

The filing of a bankruptcy petition triggers an automatic stay of most actions to enforce a lien against the debtor. 11 U.S.C. §362. Because the stay arises "automatically" upon the filing of a bankruptcy petition, it applies regardless of whether a party has actual knowledge or even notice that the bankruptcy petition was filed. See generally 3 COLLIER ON BANKRUPTCY, *supra*, ¶362.02. Here, the Wardlow Trust is attempting to put, perfect, and produce a lien on 2240 East Calvada Blvd., post-petition and this violates several provisions of §362(a). These include §362(a)(3),(4),(5) and (6). Actions taken in violation of the stay are void. *Schwartz*, 954 F.2d at 576. Thus, the Wardlow Trusts recording is void.

**(1) Section 362(a)(3)**

The Wardlow Trust has, and is, violating the automatic stay by attempting to exercise control over Donohue's bankruptcy by placing the parties loan modification on the property post-petition. See 11 U.S.C. §362(a)(3). By filing its loan modification extensions at the Nye

4

County recorder well after Donohue's bankruptcy filing, the Wardlow Trust is attempting to control Donohue's real property by controlling where the proceeds go, and requiring her to determine whether its debt has to be paid and potentially affecting Donohues post-petition income. 11 U.S.C. §1306(a)(1) and (2).

The U.S. Supreme Court has held that "the language of [section] 362(a)(3) implies that something more than merely, retaining power is required to violate the disputed provision." *City of Chicago v. Fulton*, 141 S. Ct. 585, 590 (2021). Here, that happened. The Wardlow Trust took affirmative action to record documents against 2240 Calvada Blvd. Notably, as Justice Sotomayor points out in her concurrence in *Fulton*, there were clear limitations on the majority's ruling. As she stated, "I write separately to emphasize that the Court has not decided whether and when [section] 362(a)'s other provisions may require a creditor to return a debtor's property." *Id.* at 592 (Sotomayor, J., concurring). Thus, *Fulton* expressly states that causes of action under sections 362(a)(4) and (6) may nonetheless require the return of a debtor's property. *Id.* The point being, *Fulton* should not affect the other listed sections of §362(a).

**(2) Section 362(a)(4)**

The stay also prohibits "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. §362(a)(4). The Bankruptcy Code defines lien as a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. §101(37). Here, there is a violation of section 362(a)(4), because the Wardlow Trust created, perfected and/or is attempting to enforce a *lien* against 2240 East Calvada Blvd., that may have expired. 11 U.S.C. §362(a)(4). The Wardlow Trust can not dispute that its interest in Donohues real property is lien based, though the validity and nature of said lien

is in dispute. Thus, the Wardlow Trust has also violated §362(a)(4).

**(3) Section 362(a)(5)**

In addition, the stay extends to "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of case." 11 U.S.C. §362(a)(5). By recording three (3) loan modifications extensions post-petition, three on June 7, 2022 and a fourth on June 21, 2022, the Wardlow Trust has attempted to perfect a lien that arose before the commencement of Donohue's case and has violated §362(a)(5). See *In re Brooks*, 871 F.2d 89, 90 (9th Cir. 1989). H.R. 989, 95th Cong. 2d 54-55 (1978).

**(4) Section 362(a)(6)**

Finally, because section 362(a)(6) expressly applies to debtors and not assets, some courts have held that purely *in rem* actions do not violate section 362(a)(6). *In re Bell*, Case No. 14-60510, 2014 WL 6913509, at *3 (Bankr. N.D.N.Y. Nov. 13, 2014)("[Section] 362(a)(6) prevents only *in personam* actions against the debtor and does not prohibit *in rem* foreclosures on non-estate property.")(*citing In re Log, L.L.C.,* Case No. 10-80378, 2010 WL 4774347, at *5 (Bankr. M.D.N.C. Nov. 9, 2010) and *In re Everchanged, Inc.*, 230 B.R. 891, 893 (Bankr. S.D. Ga. 1990).

However, just because property is involved, does not mean that a creditor's actions are not also against the debtor personally. For example, in *In re Kuehn,* 563 F.3d 289 (7th Cir. 2009), the Seventh Circuit determined that a university violated section 362(a)(6) when it refused to provide a transcript to a student who had an outstanding tuition owed to the school. The court reasoned that the university had no other reason to deny the student's request but to collect on the student's debt. *Id.* at 292-93. As a result, the

university's refusal to return the transcript, combined with some other facts shedding light into the university's motive (that the university was trying to induce the student to pay the tuition debt) amounted to violation of section 362(a)(6). See also, *In re Gustafson,* 934 F.2d 216 (9th Cir. 1991), *affirm* 111 BR 282 (9th Cir. BAP 1990)(the retention violated the stay, but government immune to damages). Here, although the Wardlow Trust recorded its lien against 2240 East Calvada Blvd., it is Donohue's money it seeks to collect from. Thus, it has also violated §362(a)(6).

**B**
**Debtors Entitled To Actual Damages**
**Including Attorney Fees**

"Knowledge of the bankruptcy filing is the legal equivalent of knowledge of the automatic stay." *In re Ozenne*, 337 B.R. 214, 220 ( 9th Cir. B.A.P. 2006). "No specific intent is necessary, and a creditor's good faith belief that it was not violating the stay is irrelevant to the issue of willfulness." *Paxton*, 596 B.R. at 694, *citing In re Peralta*, 317 B.R. 381, 389 (9th Cir. B.A.P. 2004). Upon a determination that a willful violation has caused injury to an individual, Section 362(k)(1) expressly provides that the individual "shall recover" the types of damages and attorney's fees specified in the statute.

For statutory sanctions under Section 362(k), Debtor must demonstrate that the Wardlow Trust had knowledge of the automatic stay and engaged in intentional acts that violated the stay. See *In re Pace*, 67 F.3d 187, 191 (9th Cir. 1995); see *In re Koeberer*, 632 B.R. 680, 687 (9th Cir. B.A.P. 2021). If proven, Section 362(k) expressly authorizes an injured individual to recover actual damages, including costs and attorney's fees. Actual damages under Section 362(k) may include emotional distress. See *Dawson v. Washington Mut. Bank, F.A. (In re Dawson)*, 390 F.3d 1139, 1146-48 (9th Cir. 2004). Additionally,

7

Section 362(k) provides that punitive damages may be awarded in the Court's discretion. See, *e.g., Sundquist v. Bank of America, N.A.* (*In re Sundquist*), 566 B.R. 563, (Bankr. E.D. Cal. 2017).

To prevail under §362(k), a debtor must first prove that the violation was willful. Willful is defined as a deliberate act done with the knowledge that the act is in violation of the automatic stay.  *In re Forty-Eight Insulation, Inc.,* 54 B.R. 905, 909 (Bkrptcy N.D. Ill 1985); *In re Allen*, 83 B.R. 678 (Bkrptcy E.D. Penn. 1987).  A creditor's violation of the stay is willful even if the creditor believed itself justified in taking action found to be violative of the stay.  *In re Tel-A-Communications Consultants, Inc.,* 50 B.R. 250, 254 (Bkrptcy D. Conn. 1985).

The Ninth Circuit elaborated on the term "willful" in the context of 11 U.S.C. §362(k), *In re Pinkstaff,* 974 F.2d 113 (9th Cir. 1992). "A 'willful violation' does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that if had a right to the property is not relevant to whether the act was 'willful' or whether compensation must be awarded. *Id* at 115. See also *Bloom,* 875 F.2d 224, 227 (9th Cir. 1989); *In re Carroll,* 903 F.2d 1266, 1272 (9th Cir. 1990). Here, there is no question the Wardlow Trust knew of Donohue's chapter 13 bankruptcy filing. In fact, it has participated in Donogue's bankruptcy by filing two (2) motions to lift the stay (Dkt.#21 and #33) and appearing, and making oral argument. Further, Wardlow admits it took the actions of recording those loan extensions post-petition (Dkt.#60, p.10, ln.21-23).

The fact that a creditor may have acted in good faith in violating the automatic stay is not a defense. *In re Stainton*, 139 B.R. 232 (9th Cir. BAP 1992). "The plain language of the

statute requires that the injured party be awarded the entire amount of actual damages reasonably incurred as a result of a violation of the automatic stay. Under the circumstances of this case, allocating a portion of the actual damages as an expense to be born by the bankruptcy estate is inconsistent with the plain language of the statute." *Stainton* at 234-235. See also *In re Bulson* 117 B.R. 537 (9th Cir. BAP 1990).

**(1) Actual Damages**

Actual damages for an automatic stay violation may include an award for any pain and suffering, as well as any emotional distress, caused by the violation. *In re Dawson*, 390 F.3d at 1146-49, *abrogration on other grounds recognized in In re Gugliuzza*, 852 F.3d 883 (9th Cir. 2017). Any pecuniary losses also may be recovered. *See In re Sundquist*, 566 B.R. at 587.

In this case, because of the actions of the Wardlow Trust, Donohue has incurred actual damages including emotional distress, anxiety, humiliation, and loss of sleep. *In re Romans*, 238 B.R. 1, 10 (9th Cir. B.A.P. 2002)(Ex. 'B' Decl. L. Donohue ¶19). And she has incurred attorney's fees in filing this motion, that are compensable because its to ensure that Wardlow Trust does not continue with its attempt to exercise control over property of the bankruptcy estate.

**(2) Emotional Distress**

Emotional distress damages from an automatic stay violation requires proof by a preponderance of the evidence that the individual (1) suffered significant harm, (2) that the significant harm has been clearly established, and (3) there is a causal connection between the significant harm and the automatic stay violation. *See In re Dawson*, 390 F.3d at 1149. Such harm may be clearly established through corroborating medical evidence or testimony

from percipient parties who witness the mental anguish of the injured party, see id. at 1149-1150, or, through proof of circumstances that make it obvious a reasonable person would suffer significant emotional harm. Id. at 1150. See, e.g., *Sundquist*, 566 B.R. at 608-609 ($200,000 and $100,000 damage awards for emotional distress to wife and husband for multiple, egregious actions to foreclose on debtors' family residence during Chapter 13 proceeding); *In re Schwartz-Tallard*, 438 B.R. 313, 321 (D.Nev. 2010) ($40,000 damage for emotional distress damage award affirmed where reasonable person would suffer emotional distress if threatened with eviction from family residence during Chapter 13 proceeding when not in default).

The bankruptcy process is inherently stressful for individuals as they attempt to obtain a discharge of personal liability from their pre-bankruptcy debts. See *In re Dawson*, 390 F.3d at 1149. The bankruptcy process is more stressful in Chapter 13 because a discharge is not entered until payments under a confirmed plan are completed. *See* 11 U.S.C. § 1328(a). Payments under a Chapter 13 plan often occur over three to five years. *See* 11 U.S.C. § 1325(b)(4). Thus, unlike a Chapter 7 debtor, a Chapter 13 debtor must confirm a proposed payment plan and then remains under bankruptcy scrutiny until the plan payments are completed.

**(3) Attorney's Fees.**

Attorney's fees and costs shall be recovered under Section 362(k)(1) for a willful violation of the automatic stay, including the fees incurred in seeking sanctions from the court. *In re Schwartz-Tallard*, 803 F.3d at 1101, *overruling Sternberg v. Johnston*, 595 F.3d 937 (9th Cir. 2010).

**(4) Punitive Damages.**

Finally, punitive damages also may be awarded under Section 362(k)(1) for a willful violation of the automatic stay "in appropriate circumstances." A reckless or callous disregard for the law or the rights of others warrants an award of punitive damages under the statute. *See In re Bloom*, 875 F.2d 224, 228 (9th Cir. 1989); *In re Stefani*, 2019 WL 762661, at *8 (Bankr. S.D. Cal. Feb. 15, 2019). An award of punitive damages typically bears a relationship to the amount of compensatory damages awarded and may take the form of a multiplier of the compensatory damage award. *See Philip Morris USA v. Williams*, 549 U.S. 346, 353 (2007). A punitive damages award may not be based on perceived injuries to parties that are not before the court. *Id.* at 353-54.

Further, an award of punitive damages should take into consideration (1) the degree of reprehensibility of the defendant's conduct, (2) the disparity between the harm suffered by the plaintiff and the amount of the punitive damages award, and (3) the difference between the punitive damage award and the civil penalties authorized or imposed in comparable cases. *See Arizona v. ASARCO LLC*, 773 F.3d 1050, 1054 (9th Cir. 2014), *citing State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 418 (2003). Thus, Donohue requests a separate hearing to determine all damages, along with attorney fees and costs that should be awarded.

**IV**
**Conclusion**

It is clear, that the Wardlow Trust blatantly violated the automatic stay. Even if the Wardlow Trusts releases or withdraws its liens after this motion is filed, this is a case which warrants the imposition of punitive sanctions, damages and an award of attorney's fees.

Why? Because it knowingly chose to file the loan modifications extensions post-petition.

WHEREFORE, the Debtor respectfully requests an order;

1.    Holding that the Wardlow Trust violated §362(a)(3), (4),(5), and (a)(6);

2.    Holding that the Wardlow Trust immediately cease collection actions against Donohue;

3.    Sanctioning the Wardlow Trust under §362(k) or §105(a) in an amount to be determined;

4.    Awarding Debtor's attorney fees and costs under §362(k) or §105(a) in an amount to be determined;

5.    Actual damages of at least $50 and any other actual damages to be proven at a later date;

7.    Holding a separate hearing on sanctions, actual damages, punitive damages, and attorney fees;

8.    Holding that the Wardlow Trust's recording of the loan modification extensions post-petition are void;

9.    Any other relief deemed just and proper.

DATED this 22nd day of June, 2022.

RESPECTFULLY SUBMITTED:

*/s/Christopher P. Burke, Esq.*
Christopher P. Burke, Esq.
Attorney for Debtor